EDWARD O. LEDFORD, Employee, Plaintiff v. ASHEVILLE HOUSING AUTHORITY, SELF-INSURED, Employer, GALLAGHER BASSETT SERVICES, INC., Servicing Agent, Defendants

No. COA96-639

(Filed 4 March 1997)

**Workers' Compensation § 440 (NCI4th)— agreement unenforceable—reinstatement on hearing docket—unappealable interlocutory order**

An order of the Industrial Commission concluding that a handwritten agreement signed by the parties at the conclusion of a mediation settlement conference was not enforceable as a compromise settlement agreement and reinstating the matter on the active hearing docket was interlocutory and not immediately appealable.

**Am Jur 2d, Workers' Compensation § 688.**

Appeal by defendants from order filed 11 March 1996 by the North Carolina Industrial Commission. Heard in the Court of Appeals 24 February 1997.

*No brief for plaintiff appellee.*

*Root & Root, P.L.L.C., by Allan P. Root and Louise Critz Root, for defendant appellants.*

ARNOLD, Chief Judge.

Defendants appeal from an order of the Full Commission which denied their motion to enforce a memorandum of agreement signed by the parties at the conclusion of a mediated settlement conference.

On 8 July 1992, plaintiff suffered a compensable accidental injury. The parties executed a Form 21 agreement to pay compensation, which the Industrial Commission approved on 8 October 1992. Pursuant to the rules of the Industrial Commission, the parties held a mediated settlement conference on 28 February 1995. At that time the parties signed a handwritten agreement that contained the following terms:

Agreement: The parties pursuant to mediation conference held on Feb. 28, 1995, in Asheville, have agreed to settle this case on the following basis:

LEDFORD v. ASHEVILLE HOUSING AUTHORITY

[125 N.C. App. 597 (1997)]

(1)  $125,000 lump sum

(2)  Payment of meds to date of this agreement.

(3)  Defendants payment of mediation expenses incurred today.

(4)  Defendants agree to cooperate in the wording of the agreement so as to attempt to protect Plaintiff's other income.

Plaintiff subsequently determined that, due to the subrogation rights of his long-term disability carrier, the handwritten agreement was not in his best interest. When the parties could not agree upon a more formal settlement agreement, defendants sought an order from the Industrial Commission to enforce the terms of the handwritten agreement. Deputy Commissioner Morgan S. Chapman determined that a policy decision was involved and referred the matter to the Full Commission.

The Full Commission reviewed the matter and heard oral arguments from the parties on 26 January 1996. In its order filed 11 March 1996, the Full Commission found that: (1) the above agreement had been signed by all the parties; (2) plaintiff had determined that the memorandum of agreement was not in his best interest; and (3) defendants were seeking an order to enforce the language of the above agreement as a compromise settlement agreement. The Full Commission then concluded that the "memorandum of agreement [was] not enforceable as a Compromise Settlement Agreement under I.C. Rule 502," denied defendants' motion, and ordered the case reinstated to the active hearing docket. From the Full Commission's order, defendants appeal.

Defendants contend that the Full Commission erred in finding as a matter of law that it lacked legal authority to review and enforce a mediation settlement agreement. They argue that the Full Commission must review any agreement to determine that it is fair and just. *See* N.C. Gen. Stat. § 97-17 (1991); N.C. Gen. Stat. § 97-82 (Cum. Supp. 1996). We are not persuaded by defendants' argument.

The dispositive issue is whether this appeal must be dismissed as interlocutory. Although not raised by the parties, the issue is appropriately raised by this Court *sua sponte. Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980). An appeal from the Full Commission is taken "under the same terms and conditions as govern appeals from the superior court to the Court of Appeals in ordinary civil actions." N.C. Gen. Stat. § 97-86 (Cum. Supp. 1996). Only from a

LEDFORD v. ASHEVILLE HOUSING AUTHORITY

[125 N.C. App. 597 (1997)]

final order or decision of the Industrial Commission is there an appeal of right to this Court. *Lynch v. Construction Co.*, 41 N.C. App. 127, 129, 254 S.E.2d 236, 237, *disc. review denied*, 298 N.C. 298, 259 S.E.2d 914 (1979); N.C. Gen. Stat. § 7A-29(a) (1995). An order is not final if it fails to determine the entire controversy between all the parties. *Veazey v. Durham*, 231 N.C. 357, 361, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950).

In its order the Full Commission concluded that the parties' agreement was not enforceable and ordered the matter reinstated on the active hearing docket. The duties of parties, representatives, and attorneys in finalizing an agreement reached in a mediated settlement conference are defined as follows:

> Finalizing Agreement. Upon reaching agreement, the parties shall reduce the agreement to writing, specifying all the terms of their agreement bearing on the resolution of the dispute before the Industrial Commission, sign it along with their counsel, and file it with the Industrial Commission within 20 days of the conclusion of the mediation conference. All agreements for payment of compensation shall be submitted on proper forms or by clincher for Industrial Commission approval.

Rule 4(b) of the Rules for Mediated Settlement Conferences of the North Carolina Industrial Commission. A "clincher" or compromise agreement is a form of voluntary settlement used in contested or disputed cases. *See Vernon v. Steven L. Mabe Builders*, 336 N.C. 425, 430, 444 S.E.2d 191, 193 (1994). "All compromise settlement agreements must be submitted to the Industrial Commission for approval." Rule 502(1) of the Workers' Compensation Rules of the North Carolina Industrial Commission. In order for such an agreement to be approved by the Industrial Commission, it must contain specified language or its equivalent. *See* N.C. Industrial Commission Workers' Compensation Rule 502(2).

Contrary to defendants' assertion, the Full Commission did not find as a matter of law that it lacked legal authority to review and enforce the handwritten agreement signed by the parties at the conclusion of the mediation settlement conference. Rather, it concluded that the memorandum of agreement was not enforceable as a compromise settlement agreement under Rule 502.

The Full Commission's order has not finally disposed of this case, for further action in the form of a hearing on the merits is required.

T&T DEVELOPMENT CO. v. SOUTHERN NAT. BANK OF S.C.

[125 N.C. App. 600 (1997)]

*See Horne v. Nobility Homes, Inc.*, 88 N.C. App. 476, 477, 363 S.E.2d 642, 643 (1988). No substantial right is involved, nor will injury result if defendants' appeal is not heard at this time. *See Culton v. Culton*, 327 N.C. 624, 626, 398 S.E.2d 323, 325 (1990). Defendants' appeal is therefore interlocutory, and their appeal from the Full Commission's order is dismissed.

Dismissed.

Judges LEWIS and WALKER concur.