JAMIE D. MASSENGILL, PLAINTIFF-APPELLANT v. DUKE UNIVERSITY MEDICAL CEN-
TER, TRADING AND DOING BUSINESS AS DUKE UNIVERSITY HOSPITAL, PRIVATE
DIAGNOSTIC CLINIC, DEFENDANT AND PETER ANDREW KNUTSON, DEFENDANT-
APPELLEE

No. COA98-1170

(Filed 18 May 1999)

## Medical Malpractice— sexual assault upon patient—physicians' assistant not assigned to patient—no professional relationship—summary judgment for defendant

The trial court did not err by granting summary judgment for
defendant Knutson in a medical malpractice action which arose
from Knutson's sexual assault upon a patient to whom he was not
assigned but to whom he had access by way of his employment as
a physicians' assistant. Plaintiff failed to present evidence of a
professional relationship, which must exist to maintain a medical
malpractice claim (although it would not be necessary for a civil
assault or battery claim).

Appeal by plaintiff James D. Massengill from judgment entered 21
July 1998 by Judge Dexter Brooks, Superior Court, Johnston County.
Heard in the Court of Appeals 29 April 1999.

*Lucas, Bryant & Denning, by Sarah E. Mills, for plaintiff-
appellant.*

*Jordan Price Wall Gray Jones & Carlton, L.L.C., by Laura J.
Wetsch, for defendant-appellee.*

WYNN, Judge.

On 6 June 1995, Jamie Massengill was admitted to Duke
University Hospital for emergency surgery and further care re-
lating to injuries he suffered during an automobile collision that
day. At the time Massengill was admitted to Duke Hospital, Peter
Knutson worked in the cancer/oncology unit as a licensed physicians'
assistant.

In this action, Massengill contends that on 9 and 10 June 1995,
Knutson came into his hospital room, told him that he was going to
examine his surgical incisions, and thereafter committed unlawful
sexual acts upon him—touched his genitals, placed his fingers inside
his rectum, and committed fellatio upon him. Undisputedly, Duke did

MASSENGILL v. DUKE UNIV. MED. CTR.

[133 N.C. App. 336 (1999)]

not assign or instruct Knutson to provide medical care to Massengill. Knutson, however, did have access to Massengill by way of his employment.

As a result of the alleged unlawful acts, Massengill brought a medical malpractice action against Duke University Medical Center d/b/a Duke University Hospital, Private Diagnostic Clinic as an alleged joint venturer with Duke Hospital, and Knutson as an alleged agent of Duke Hospital and Private Diagnostic Clinic. Thereafter, the trial court granted summary judgment in favor of Knutson concluding that he was not providing professional services necessary to support a medical malpractice claim.

On appeal, Massengill contends that the trial court erred in granting Knutson's Motion for Summary Judgment because there are genuine issues of material fact as to whether Knutson acted unlawfully while performing "professional services" for Massengill.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). When ruling on a motion for summary judgment, the evidence is viewed in the light most favorable to the non-moving party. *See Hinson v. Hinson,* 80 N.C. App. 561, 563, 343 S.E.2d 266, 268 (1986). Although the granting of summary judgment is a drastic remedy, it is appropriate if the moving party meets the burden of proving that an essential element of the non-moving party's claim is nonexistent. *See LaBarre v. Duke Univ.,* 99 N.C. App. 563, 565, 393 S.E.2d 321, 323, *disc. review denied,* 327 N.C. 635, 399 S.E.2d 122 (1990).

A medical malpractice action is one "for damages for personal injury or death arising out of the furnishing or failure to furnish professional services in the performance of medical, dental or other health care by a health care provider." N.C. Gen. Stat. § 90-21.11 (Supp. 1996). Both parties concede that Knutson, as a licensed physicians' assistant, is a "health care provider" under the statute. Indeed, the sole issue raised on appeal is whether Knutson committed the unlawful acts while furnishing "professional services" to Massengill. We hold that Knutson was not furnishing Massengill "professional services," an essential element under N.C. Gen. Stat. § 90-21.11, and therefore the trial court properly found that a medical-malpractice action may not be maintained against Knutson.

MASSENGILL v. DUKE UNIV. MED. CTR.

[133 N.C. App. 336 (1999)]

Although the legislature failed to define the term "professional services" as set forth in N.C. Gen. Stat. § 90-21.11, our Supreme Court has stated that "the term 'professional services' refers to 'those services where a professional relationship exists between plaintiff and defendant—such as a physician-patient or attorney-client relationship'." *Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 665, 488 S.E.2d 215, 223 (1997). Indeed, it is well settled that the relationship of health-care provider to patient must be established to maintain an actionable claim for medical malpractice. *See Easter v. Lexington Mem. Hosp.*, 303 N.C. 303, 305, 278 S.E.2d 253, 255 (1981).

In the case *sub judice*, Massengill failed to present evidence of a professional relationship between himself and Knutson. Indeed, Massengill concedes that Knutson was never directed to provide him with medical care or otherwise attend to his needs. In fact, the record shows that Knutson was assigned to work in the cancer/oncology unit—a practice area distinct from where Massengill was being treated. Accordingly, Knutson has failed to prove an essential element to his medical malpractice claim, to wit, the existence of a professional relationship between himself and the health-care provider in this case, Knutson.

We note that Massengill cites *Johnson v. Amethyst Corp.*, 120 N.C. App. 529, 463 S.E.2d 397 (1995), in support of his argument that a medical malpractice claim can be based upon sexual advances made by a health care professional. That case, however, is distinguishable. In *Johnson*, we stated that a patient who was sexually assaulted by a clinical assistant while in an alcohol and drug rehabilitation hospital could maintain a medical malpractice claim against the hospital. *Id.* at 533-34, 463 S.E.2d at 400-01. The assailant in *Johnson*, however, was specifically hired by the hospital as clinical assistant, assigned to care for the victim and committed the unlawful acts while performing medical tasks that he had been assigned to do. *Id*, Therefore, the plaintiff in *Johnson* was able to demonstrate a professional relationship between the health-care provider and the patient—an element Massengill has been unable to prove here.

In sum, we hold that Massengill failed to present evidence of a professional relationship between himself and the health-care provider in this case, Knutson.[1] Since a professional relationship

---

1. We note that Massengill was not without a remedy in this case because such a relationship would not be necessary to bring a civil assault or battery claim against Knutson.

must exist between the patient and a health care provider to maintain a medical malpractice claim, we must affirm the trial court's judgment holding that a medical malpractice action may not be maintained against Knutson.

Affirmed.

Judges WALKER and HUNTER concur.