On July 17, 1998, Henry C. Byrum, Jr., conducted a voluntary mediated settlement conference for the above-captioned case in Charlotte, North Carolina. This settlement conference was conducted in accordance with the North Carolina Industrial Commissions Rules for Mediated Settlement Conferences and involved a case which had previously been decided in plaintiffs favor. The Full Commission, in an Opinion and Award filed May 2, 1997, awarded plaintiff continuing temporary total disability compensation until further order of the Commission.
The mediation conference adjourned prior to the parties reaching a final settlement as the defendants did not have the authority to pay the $150,000.00 that was under consideration at the time. The carriers representative agreed to seek authority to settle for $150,000.00 by the following Monday. The mediator adjourned the mediation with the understanding that one of the parties would notify him by July 20, 1998, if the case had been resolved. The mediator was notified by the carriers representative on the morning of July 20, 1998, that the necessary settlement authority had been obtained and the case had been concluded for $150,000.00. The mediator filed a Report of Mediation with the Industrial Commission the same day, reporting the settlement. No memorandum of agreement of the settlement was prepared and signed by the parties at the close of the mediated settlement conference because no settlement had been finalized at the time the conference was adjourned. The plaintiff apparently decided not to settle his claim prior to execution of a memorandum of agreement or a Compromise Settlement Agreement. Defendants have moved for enforcement of the tentative agreement reached during the mediated settlement conference which was never reduced to writing. Moreover, defendants are seeking to enforce this agreement as a Compromise Settlement Agreement.
The tentative oral agreement of the parties in this case does not constitute a Compromise Settlement Agreement under I.C. Rule 502 and is therefore unenforceable as a Compromise Settlement Agreement. Ledford v. Asheville Housing Authority,125 N.C. App. 597, 482 S.E.2d 544 (1997). The tentative agreement does not meet the requirements of a memorandum of agreement under N.C. Gen. Stat. 97-82 and 97-17 and is not enforceable as a memorandum of agreement. The tentative oral agreement in this case was never incorporated into a memorandum of agreement for payment of compensation; therefore, defendants claim is not as strong as the facts in Ledford.
IT IS THEREFORE ORDERED that defendants motion to compel compliance with the tentative mediated settlement agreement and for attorneys fees is DENIED.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_______________ CHRISTOPHER SCOTT COMMISSIONER