***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Order of Deputy Commissioner Glenn.
 ***********
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. This case involves two claims filed by plaintiff for workers' compensation benefits. In I.C. No. 076320 plaintiff alleged that she sustained an injury by accident to her back on December 12, 1996. Plaintiff filed a Form 18 Notice of Accident on October 16, 2000. In I.C. No. 065876 plaintiff filed a claim for the occupational disease of carpal tunnel syndrome which she alleged she developed on August 26, 1997. Plaintiff gave notice of this claim by filing a Form 18 with the Commission on October 5, 2000.
2. The parties entered into a Compromise Settlement Agreement on August 29, 2001 in both I.C. No. 076320 and I.C. No. 065876. The Agreement was approved on September 20, 2001 by Deputy Commissioner Edward Garner.
3. Plaintiff had no attorney at the time the Agreement was signed. Attorney W. Gene Sigmon represented plaintiff until July 31, 2001.
4. The parties agreed to a settlement of both plaintiff's claims in the amount of $5,500, which defendants paid to plaintiff and she accepted.
5. Both parties in this matter signed the Agreement and there is no dispute as to the authenticity of any signature.
6. Plaintiff failed to timely appeal from said Order Approving the Compromise Settlement Agreement.
7. Plaintiff filed a Form 33 on September 18, 2002 requesting the Commission to vacate the Order Approving the Compromise Settlement Agreement. Plaintiff alleged that she was seeking to have the Agreement set aside because Deputy Commissioner Garner and defense attorney Stephen Kushner committed fraud or misrepresentation in an effort to influence her to settle her claims.
8. On January 15, 2003 Deputy Commissioner Lorrie Dollar dismissed plaintiff's claims without prejudice. In the Order Deputy Commissioner Dollar instructed plaintiff to file a new Form 33 in which she should specify the issues to be heard by the Commission.
9. On February 19, 2003, plaintiff filed a new Form 33 requesting the same relief. This matter was heard before Deputy Commissioner Glenn on June 25, 2003.
10. At the hearing before Deputy Commissioner Glenn plaintiff alleged fraud or misconduct on the parts of Deputy Commissioner Garner and Mr. Kushner because they encouraged her to take the settlement money for her claims that had been filed after the two-year time limitation had expired. Plaintiff also alleged that she believed that the defendant-employer should have filed her claims for her because she was unfamiliar with workers' compensation laws. However, there is no evidence of record that plaintiff informed defendant-employer of either claim prior to 2000, nor is there any evidence of record that defendant-employer would have been equitably estopped from asserting the time limitation of N.C. Gen. Stat. § 97-24.
11. By Order dated August 18, 2003, Deputy Commissioner Glenn dismissed plaintiff's claim with prejudice.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The Full Commission finds that plaintiff entered into a binding Compromise Settlement Agreement on August 29, 2001 which fully complied with Workers' Compensation Rule 502(2). Plaintiff has not stated grounds upon which relief can be granted. N.C. Gen. Stat. § 97-17; Lemley v. Colvard Oil Company,157 N.C. App. 99, 577 S.E.2d 712 (2003).
2. A compromise settlement agreement is a form of voluntary settlement used in contested or disputed cases. Ledford v.Asheville Housing Authority, 125 N.C. App. 597, 599,482 S.E.2d 544, 546, disc. review denied, 346 N.C. 280, 487 S.E.2d 550
(1997). It is a well settled principle of contract law that a valid contract exists only where there is a meeting of the minds as to all essential terms of the agreement. Northington v.Michelotti, 121 N.C. App. 180, 184, 464 S.E.2d 711, 714 (1995). Plaintiff does not contend that the terms of the agreement differ from the understanding of the parties at the time the Agreement was made.
3. The Commission has the authority to set aside settlement agreements if the settlement was obtained by fraud, misrepresentation, undue influence, duress or mutual mistake. Plaintiff has not met her burden to show that any of these factors caused her to enter into the Agreement. N.C. Gen. Stat. §97-17, Graham v. City of Hendersonville, 42 N.C. App. 456,255 S.E.2d 795 (1979).
4. The Agreement was properly approved by the Commission pursuant to Workers' Compensation Rule 502(1).
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff is entitled to no further benefits.
2. Therefore, plaintiff's claims for benefits are hereby DISMISSED WITH PREJUDICE.
3. Both parties shall pay their own costs.
This the 1st day of April 2004.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
LKM/kjd