EDITH MILTON, Plaintiff v. TONY DALE THOMPSON, STANDARD TOOLS AND EQUIPMENT COMPANY, and STANDARD TOOLS ACQUISITION CORP., Defendants

No. COA04-991

(Filed 3 May 2005)

**Appeal and Error— appealability—denial of motion to enforce settlement**

An appeal from the denial of a motion to enforce a settlement agreement in a personal injury action was dismissed as interlocutory even though the parties had agreed that a substantial right was affected. The Court must determine whether the appeal is premature, and the right to settle a claim has been held not to affect a substantial right. Defendants may appeal the denial of their motion once there is a final judgment.

Appeal by Defendants from order entered 8 March 2004 by Judge Andy Cromer in Superior Court, Guilford County. Heard in the Court of Appeals 12 April 2005.

*Kelly & West Attorneys, by J. David Lewis, and The Law Offices of David Hartley, by David V. Hartley, for plaintiff-appellee.*

*Pinto, Coates, Kyre & Brown, PLLC, by Richard L. Pinto and Brady A. Yntema, for defendants-appellants.*

WYNN, Judge.

Interlocutory orders that have not been certified by the trial court and do not affect a substantial right are not immediately appealable. *Liggett Group Inc. v. Sunas,* 113 N.C. App. 19, 23-24, 437 S.E.2d 674, 677 (1993). In this case, Defendants appeal from an order denying a Motion to Enforce Settlement in a personal injury action. Because this Court has previously held that an appeal from a denial to enforce a settlement agreement in a workers' compensation case did not affect a substantial right, we likewise must conclude that an appeal from a denial to enforce a settlement agreement in a personal injury action does not affect a substantial right. *Ledford v. Asheville Hous. Auth.,* 125 N.C. App. 597, 600, 482 S.E.2d 544, 546, *disc. review denied,* 346 N.C. 280, 487 S.E.2d 550 (1997). Accordingly, we dismiss this appeal.

Defendants (Tony Dale Thompson, Standard Tools and Equipment Company, and Standard Tools Acquisition Corporation),

MILTON v. THOMPSON

[170 N.C. App. 176 (2005)]

do not contest any of the findings of fact in the trial court's order denying their motion to enforce a settlement agreement. Summarily, the findings of fact state that Plaintiff Edith Milton was involved in an automobile accident and hired attorney David Hartley and the law firm of Kelly & West to represent her in her claim for personal injuries against Defendants. Attorneys J. Thomas West and J. David Lewis were both members of the law firm Kelly & West and were involved in the handling of Ms. Milton's case.

On 11 April 2003, an unsuccessful mediated settlement conference was held with Ms. Milton, her husband (James Milton), and all attorneys present. However, sometime afterward, Ms. Milton authorized her husband to contact her attorneys "to authorize settlement negotiations with Defendant to a minimum of $450,000.00." In turn, Mr. Milton "telephoned Attorney Lewis at the firm of Kelly & West and advised Attorney Lewis that [Ms. Milton] was interested in settling her personal injury case, that they would like to receive the maximum amount they could get, but that $450,000.00 would be the 'floor' or minimum amount" that Ms. Milton would accept for settlement. Mr. Milton informed Mr. Lewis that they did not want to leave a $450,000.00 offer "on the table" if they could get it. Mr. Lewis relayed this conversation to Mr. West and Mr. Hartley.

On 18 July 2003, Mr. Lewis telephoned counsel for Defendants and left a voicemail message advising Defendants' counsel of a new settlement demand of $553,698.00. Mr. Lewis requested that Defendants' counsel contact either him or Mr. West.

On 21 July 2003, Mr. West contacted Defendants' counsel to resume settlement negotiations. Ultimately, counsel for Defendants offered $460,000.00 in settlement which Mr. West accepted and confirmed by letter. A copy of the confirmation letter was sent to Ms. Milton. Defendants' counsel confirmed this settlement by letter dated 24 July 2003.

On 29 July 2003, Mr. Milton called Mr. Lewis and advised him that at a recent family reunion several family members thought Ms. Milton deserved more money. Mr. Milton acknowledged that he had authorized settlement with a "floor" of $450,000.00, but Ms. Milton no longer wanted to settle her case for that amount.

On 7 October 2003, Defendants' counsel sent a settlement check in the amount of $460,000.00 to Ms. Milton's attorneys and on 16

October 2003, sent Releases and Dismissals to be executed by Ms. Milton. Ms. Milton neither endorsed the check nor signed the release or dismissal.

On 23 October 2003, Defendants filed a Motion to Enforce Settlement. Following a hearing, the trial court denied the motion concluding that Mr. West "did not have legal capacity to settle the case on behalf of [Ms. Milton], and therefore there is no settlement that this Court can enforce." Defendants appealed from the denial of their motion to enforce the settlement agreement.

---

The dispositive issue is whether this appeal is premature. An order is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the rights of all parties involved in the controversy. *See Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950); *Flitt v. Flitt*, 149 N.C. App. 475, 477, 561 S.E.2d 511, 513 (2002). Generally, there is no right to immediate appeal from an interlocutory order. *See* N.C. Gen. Stat. § 1A-1, Rule 54(b) (2004); *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381. In the instant case, the trial court's order did not resolve Ms. Milton's personal injury claim. We conclude that the order from which Defendants appeal was interlocutory.

There are two instances where a party may appeal interlocutory orders: (1) when there has been a final determination as to one or more of the claims and the trial court certifies that there is no just reason to delay the appeal, and (2) if delaying the appeal would prejudice a substantial right. *See Liggett Group Inc.*, 113 N.C. App. at 23-24, 437 S.E.2d at 677. Here, the trial court made no such certification. Thus, Defendants are limited to the second route of appeal, namely where "the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review." *N.C. Dep't of Transp. v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995). In such cases, we may review the appeal under sections 1-277(a) and 7A-27(d)(1) of the North Carolina General Statutes. N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1) (2004). "The moving party must show that the affected right is a substantial one, and that deprivation of that right, if not corrected before appeal from final judgment, will potentially injure the moving party." *Flitt*, 149 N.C. App. at 477, 561 S.E.2d at 513. "Whether an interlocutory appeal affects a substantial right is determined on a case by case basis." *McConnell v. McConnell*, 151 N.C. App. 622, 625, 566 S.E.2d 801, 803 (2002).

**MILTON v. THOMPSON**

[170 N.C. App. 176 (2005)]

Although both parties stipulate that this appeal affects a substantial right, this Court must determine that a substantial right does in fact exist or the appeal is premature. *See Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980) (Court of Appeals should *sua sponte* address if appeal is interlocutory). We find that no substantial right is affected by this appeal.

Defendants argue in their brief that "the right to settle a disputed claim is a substantial right of the parties in this case which will be prejudiced should this matter be allowed to proceed without immediate appellate review." (Appellant's Brief p. 9). But Defendants fail to cite any authority supporting their argument.

Indeed, the outcome of this issue is controlled by a prior decision of this Court holding that an appeal from a denial to enforce a settlement agreement in a workers' compensation case did not affect a substantial right nor would injury result if the appeal were not immediately heard. *Ledford*, 125 N.C. App. at 600, 482 S.E.2d at 546; *see also Ratchford v. C.C. Mangum Inc.*, 150 N.C. App. 197, 200, 564 S.E.2d 245, 248 (2002) (appeal from Industrial Commission's opinion that the "clincher" settlement agreement was void was not shown to affect a substantial right).

As in *Ledford*, this appeal does not affect a substantial right. 125 N.C. App. at 600, 482 S.E.2d at 546. Defendants may still appeal the denial of their Motion to Enforce Settlement once there is a final judgment; this right will not be lost. *Flitt*, 149 N.C. App. at 477, 561 S.E.2d at 513. In light of *Ledford*, we must hold that this appeal is interlocutory in nature and does not affect a substantial right; accordingly, it is dismissed.

Dismissed.

Judges TYSON and ELMORE concur.