PAUL CHRISTOPHER BLOW
v.
DSM PHARMACEUTICALS, INC., Formerly CATALYTICA PHARMACEUTICALS, INC.; EASTERN OMNI CONSTRUCTORS, INC.; THE GREENWOOD GROUP, INC. d/b/a MANPOWER TEMPORARY SERVICES
No. COA06-812
North Carolina Court of Appeals
Filed April 17, 2007
This case not for publication
McDonald Law Offices, P.C., by Demyra R. McDonald, for plaintiff-appellant.
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Mark A. Ash and J. Mitchell Armbruster, for defendant-appellee.
CALABRIA, Judge.
Paul Christopher Blow ("plaintiff") appeals from an order granting defendant DSM Pharmaceuticals, Inc.'s ("DSM") motion to dismiss for lack of subject matter jurisdiction because plaintiff's claims were barred by the exclusivity of the Workers' Compensation Act. We dismiss the appeal as interlocutory.
Plaintiff was employed by The Greenwood Group d/b/a Manpower Temporary Services ("The Greenwood Group"), a temporary employment agency, and was contracted to DSM to work as a chemical processor. DSM maintained and operated a Bulk Bromine Storage/Handling System.Bromine is a highly toxic and lethal chemical element that DSM used as part of the manufacturing process for a product which DSM produced. On 15 August 1999, an Ultraflex hose that was connected to the Bromine Storage/Handling System ruptured resulting in the release of approximately 360 gallons of Bromine. Approximately fifteen minutes after the hose ruptured, the plaintiff entered DSM's plant to report to work. Plaintiff received no warning or any other indication that the hose had ruptured or that Bromine had been released into the plant. When plaintiff approached the building where he customarily changed into appropriate work attire, he experienced difficulty breathing, as well as burning sensations in his nose, throat and chest, and eye irritation. As plaintiff attempted to enter the building, he experienced more difficulty breathing. Plaintiff managed to exit the building and escaped the area with the assistance of a fellow employee. Plaintiff was transported to the Pitt County Memorial Hospital where he was hospitalized for two days due to the exposure to Bromine gas and vapors. Plaintiff allegedly suffered permanent injuries as a result of the exposure to Bromine gas at DSM's plant.
On 5 September 2005, plaintiff filed a complaint against DSM, Eastern Omni Constructors, Inc. ("Eastern Omni"), and The Greenwood Group alleging gross negligence, negligence, and infliction of emotional distress. Subsequently, plaintiff filed a voluntary dismissal with prejudice only against The Greenwood Group.
On 4 November 2005, DSM filed a motion to dismiss plaintiff's complaint under North Carolina Rules of Civil Procedure Rule12(b)(1) and Rule 12(b)(6) alleging lack of subject matter jurisdiction not only because plaintiff's claims were barred by the exclusivity of the Workers' Compensation Act but also because plaintiff failed to state a claim that was outside the purview of the act under Woodson v. Rowland, 329 N.C. 330, 407 S.E.2d 222 (1991). On 16 March 2006, the trial court granted DSM's motion to dismiss for lack of subject matter jurisdiction because plaintiff's claims were barred by the exclusivity of the Workers' Compensation Act and the allegations did not state a Woodson claim. Plaintiff appeals from the order of the trial court.
Initially, we must determine whether plaintiff's appeal is interlocutory and thus subject to dismissal. A judgment of a trial court is either final or interlocutory. N.C. Gen. Stat. § 1A-1, Rule 54(a) (2005). "Interlocutory orders are those made during the pendency of an action which do not dispose of the case but leave it for further action by the trial court in order to settle and determine the entire controversy." Hoots v. Pryor, 106 N.C. App. 397, 400, 417 S.E.2d 269, 272 (1992). Interlocutory orders are normally not appealable and will usually be dismissed. Id. However, a party is permitted to appeal interlocutory orders when (1) the trial court certifies in the judgment that there is no just reason to delay the appeal of those claims or (2) a substantial right is affected. See Milton v. Thompson, 170 N.C. App. 176, 178, 611 S.E.2d 474, 476 (2005).
"A substantial right is one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment." Turner v. Norfolk S. Corp., 137 N.C. App. 138, 142, 526 S.E.2d 666, 670 (2000) (internal quotations omitted). "Our courts have generally taken a restrictive view of the substantial right exception [and] [t]he burden is on the appealing party to establish that a substantial right will be affected." Id. "Whether an interlocutory appeal affects a substantial right is determined on a case by case basis." Milton, 170 N.C. App. at 178, 611 S.E.2d at 476. Because the trial court did not certify the appeal, the dismissal of the claims against DSM must affect a substantial right in order for plaintiff's appeal to be permitted.
Plaintiff contends that the Woodson claim against DSM and the negligence claim against Eastern Omni arise from the same transactions and that a substantial right will be affected if there are separate trials because of the possibility that the jury will reach different verdicts. Further, plaintiff argues that by Eastern Omni alleging the doctrine of insulating and intervening negligence against DSM, an "empty chair" defense could result if there are two separate trials.
"Ordinarily the possibility of undergoing a second trial affects a substantial right only when the same issues are present in both trials, creating the possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issue." Green v. Duke Power Co., 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982) (emphasis added). Therefore, we must determine whether plaintiff's claims against DSM involve the same issues as plaintiff's claims against Eastern Omni.
Plaintiff's Woodson claim against DSM is based upon allegations that DSM "intentionally engag[ed] in misconduct knowing it [to be] substantially certain to cause serious injury or death to employees." Woodson v. Rowland, 329 N.C. 330, 340, 407 S.E.2d 222, 228 (1991). In order to establish a Woodson claim, plaintiff must show: "(1) misconduct by the employer; (2) intentionally engaged in; (3) with the knowledge that the misconduct is substantially certain to cause serious injury or death to an employee; and (4) that employee is injured as a consequence of the misconduct." Pastva v. Naegele Outdoor Advertising, 121 N.C. App. 656, 659, 468 S.E.2d 491, 493 (1996). In contrast, plaintiff's negligence claims against Eastern Omni are based upon allegations that Eastern Omni installed an improper flex hose. In order to establish Eastern Omni was negligent, plaintiff must show that Eastern Omni owed plaintiff a duty of care, that Eastern Omni breached that duty of care, and that there is a causal connection between Eastern Omni's breach and plaintiff's injury. Harris v. Daimler Chrysler Corp., ___ N.C. App. ___, ___, 638 S.E.2d 260, 265 (2006). These issues are separate and distinct from those addressed in plaintiff's Woodson claim. Because plaintiff's claims against DSM do not involve the same issues as plaintiff's claims against Eastern Omni, plaintiff has failed to show that a substantial right will be affected. For the foregoing reasons, the appeal is dismissed and remanded to the trial court for further proceedings.
Dismissed.
Judges McGEE and STEPHENS concur.
Report per Rule 30(e).