NO. COA14-612

NORTH CAROLINA COURT OF APPEALS

Filed: 2 December 2014

CLIFFORD ROBERTS WHEELESS, III,
M.D.,
    Plaintiff,

    v.                                    Vance County
                                          No. 13 CVS 335
MARIA PARHAM MEDICAL CENTER, INC.,

HENDERSON/VANCE HEALTHCARE 1, INC.
*f/k/a* MARIA PARHAM ANESTHESIA AND
PHYSIATRY, INC. *d/b/a* NORTHERN
CAROLINA SURGICAL ASSOCIATES,

CYNTHIA ROBINSON, M.D.,
INDIVIDUALLY AND AS AN EMPLOYEE
AND/OR AGENT OF HENDERSON/VANCE
HEALTHCARE I, INC., AND/OR MARIA
PARHAM MEDICAL CENTER, INC.,

JOSEPH MULCAHY, M.D., INDIVIDUALLY
AND AS AN EMPLOYEE AND/OR AGENT OF
HENDERSON/VANCE HEALTHCARE I,
INC., AND/OR MARIA PARHAM MEDICAL
CENTER, INC.,

ROBERT NOEL, JR., M.D.,
INDIVIDUALLY AND AS AN EMPLOYEE
AND/OR AGENT OF HENDERSON/VANCE
HEALTHCARE I, INC., AND/OR MARIA
PARHAM MEDICAL CENTER, INC.,

ROBERT SINGLETARY, INDIVIDUALLY
AND/OR CEO AND EMPLOYEE AND/OR
AGENT OF HENDERSON/VANCE
HEALTHCARE I, INC., AND/OR MARIA
PARHAM MEDICAL CENTER, INC.,

JOHN/JANE/IT DOE 1 THROUGH 5,
INDIVIDUALLY AND AS AN EMPLOYEE

AND/OR AGENT OF HENDERSON/VANCE
HEALTHCARE I, INC., AND/OR MARIA
PARHAM MEDICAL CENTER, INC.,
        Defendants.


Appeal by plaintiff from orders entered 25 November 2013 by Judge Robert H. Hobgood in Vance County Superior Court. Heard in the Court of Appeals 22 October 2014.

>  *The Law Office of Colon & Associates, PLLC, by Arlene L. Velasquez-Colon, and Congdon Law, by Jeannette Griffith Congdon, for plaintiff-appellant.*
>
>  *Womble Carlyle Sandridge & Rice, LLP, by James M. Powell and Theresa M. Sprain, for defendant-appellees Maria Parham Medical Center, Inc., Henderson/Vance Healthcare I, Inc. f/k/a Maria Parham Anesthesia and Physiatry, Inc. d/b/a Northern Carolina Surgical Associates, Maria Parham Medical Center, Inc., and Robert Singletary.*
>
>  *Yates, McLamb & Weyher, L.L.P., by Dan J. McLamb, Samuel G. Thompson, Jr., and John B. Ward, for defendant-appellees Cynthia Robinson, M.D., Joseph Mulcahy, M.D., and Robert Noel, Jr., M.D.*


BRYANT, Judge.


Since defendants are health care professionals rendering professional services, they are not subject to liability for unfair and deceptive trade practices. Where plaintiff cannot show the existence of a physician-patient relationship, plaintiff's claim for medical malpractice must be dismissed. The doctrine of abatement is applicable where two complaints are

substantially identical as to parties, subject matter, issues involved, and relief demanded.

Plaintiff Clifford Roberts Wheeless, III, M.D., is a board-certified orthopedic surgeon who held active medical privileges at defendant Maria Parham Medical Center ("MPMC") from 1998 to 2006. In 2005, MPMC's medical executive committee conducted a peer review of plaintiff's clinical skills. MPMC then initiated a new peer review in 2006 regarding allegations that plaintiff had violated MPMC's disruptive physician policy. Plaintiff denied these allegations and requested a fair hearing concerning the matter. Prior to the fair hearing, plaintiff and MPMC entered into a mediated settlement agreement in July 2006. This agreement required MPMC to change plaintiff's medical privileges from active to consulting staff, to terminate all further actions against plaintiff, and to abide by a strict confidentiality provision.

Despite the mediated settlement agreement, in August 2006, plaintiff alleged that defendant had failed to honor plaintiff's consulting privileges. Plaintiff again alleged a failure by defendant to acknowledge plaintiff's consulting privileges in early 2007.

In 2009, plaintiff was notified by the North Carolina Medical Board about an anonymous complaint submitted by "W. Blower" alleging inappropriate and disruptive behavior by plaintiff. The anonymous complaint included references to incidents that were raised during the 2005 and 2006 peer reviews. After an investigation by the North Carolina Medical Board, the allegations in the anonymous complaint against plaintiff were dismissed.

On 25 August 2011, plaintiff filed a complaint against defendants MPMC, MPMC Medical Executive Committee, MPMC Board of Directors, Robert Singletary as CEO of MPMC, Cynthia Robinson, M.D., and Whistle Blower 1 through 10. In the complaint, plaintiff alleged, *inter alia*, claims for unfair and deceptive trade practices, breach of contract, fraud, civil conspiracy, and intentional and negligent infliction of emotional distress. On 30 April 2012, plaintiff voluntarily dismissed his claims for intentional and negligent infliction of emotional distress. Defendant MPMC filed a motion for summary judgment on 13 June 2012. By means of an order entered 10 August, the trial court granted MPMC's motion, in part, with respect to plaintiff's claims for, *inter alia*, unfair and deceptive trade practices, actual and constructive fraud, breach of contract, invasion of

privacy, civil conspiracy, and tortious interference with contractual relations and prospective economic advantage. The remaining claims proceeded to discovery.[1]

On 28 June 2013, plaintiff filed a second complaint against MPMC; Henderson/Vance Healthcare I, Inc. *f/k/a* Maria Parham Anesthesia and Physiatry, Inc. *d/b/a* Northern Carolina Surgical Associates; Cynthia Robinson, M.D., individually and as an employee and/or agent of Henderson/Vance Healthcare I, Inc., and/or MPMC; Joseph Mulcahy, M.D., individually and as an employee and/or agent of Henderson/Vance Healthcare I, Inc., and/or MPMC; Robert Noel, Jr., M.D., individually and as an employee and/or agent of Henderson/Vance Healthcare I, Inc., and/or MPMC; Robert Singletary, individually and as CEO and employee and/or agent of Henderson/Vance Healthcare I, Inc., and/or MPMC; and John/Jane/It Doe I through 5, individually and as an employee and/or agent of Henderson/Vance Health I, Inc., and/or MPMC ("defendants"). In the second complaint, plaintiff

---

[1] Plaintiff and MPMC appealed from separate trial court orders regarding discovery in this earlier case. The trial court order compelling MPMC to supplement its responses to discovery was reversed. A separate order granting MPMC's motion to compel production of plaintiff's medical records was affirmed. *See Wheeless v. Maria Parham Med. Ctr., Inc.*, No. COA13-1063, 2014 N.C. App. LEXIS 686 (July 1, 2014); *Wheeless v. Maria Parham Med. Ctr., Inc.*, No. COA13-1475, 2014 N.C. App. LEXIS 772 (July 15, 2014).

alleged claims for unfair and deceptive trade practices, malicious prosecution, medical malpractice, negligence, and negligence *per se* against all defendants. Plaintiff sought compensatory, punitive, special, and treble damages and attorneys' fees.

On 26 July 2013, defendants MPMC, Henderson/Vance Healthcare I, Inc., and Robert Singletary filed a motion to dismiss pursuant to Rule 12(b)(6). On 26 August, defendants Cynthia Robinson, M.D., Joseph Mulcahy, M.D., and Robert Noel, Jr., M.D., filed a motion to dismiss pursuant to Rule 12(b)(6). By means of orders entered on 25 November, the trial court granted defendants' motions to dismiss with respect to plaintiff's claims for unfair and deceptive trade practices, medical malpractice, negligence, and negligence *per se*. The trial court denied defendants' motions with respect to plaintiff's claim for malicious prosecution. Plaintiff appeals.

_____

As an initial matter, we note that plaintiff's appeal is interlocutory since plaintiff's claim from his second complaint for malicious prosecution remains pending before the trial court.

In general, a party cannot immediately appeal from an interlocutory order. *Davis v. Davis*, 360 N.C. 518, 524, 631 S.E.2d 114, 119 (2006). "The rationale behind [this rule] is that no final judgment is involved in such a denial and the movant is not deprived of any substantial right that cannot be protected by a timely appeal from a final judgment which resolves the controversy on its merits." *Block v. Cnty. of Person*, 141 N.C. App. 273, 276—77, 540 S.E.2d 415, 418 (2000) (citation omitted).

However, an interlocutory order may be reviewed on appeal "(1) when there has been a final determination as to one or more of the claims and the trial court certifies that there is no just reason to delay the appeal, [or] (2) if delaying the appeal would prejudice a substantial right." *Milton v. Thompson*, 170 N.C. App. 176, 178, 611 S.E.2d 474, 476 (2005) (citation omitted).

In its orders granting, in part, defendants' motions to dismiss, the trial court noted that:

> Plaintiff's motion to certify the Court's ruling dismissing Counts I [unfair and deceptive trade practices] and III [medical malpractice and/or negligence] as a Final Judgment under Rule 54(b) is allowed. Dismissal of Counts I and III of the Plaintiff's complaint is a final judgment and there is no just reason for delay.

Plaintiff's claims, for unfair and deceptive trade practices, medical malpractice, negligence, and negligence *per se*, were dismissed by order of the trial court pursuant to defendants' motions to dismiss under Rule 12(b)(6). As a motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, a finding that the claim was legally insufficient amounts to a final judgment with respect to that claim. *See Cline v. Teich*, 92 N.C. App. 257, 264, 374 S.E.2d 462, 466 (1988) ("[D]ismissal under Rule 12(b)(6) is an adjudication on the merits[.]"). Further, we note that the trial court certified the dismissal of this claim as final under Rule 54(b). *See Milton*, 170 N.C. App. at 178, 611 S.E.2d at 476. Therefore, the trial court's order dismissing plaintiff's claims for unfair and deceptive trade practices, medical malpractice, negligence, and negligence *per se* is immediately appealable.

_____

Plaintiff raises two issues on appeal concerning whether the trial court erred (I) by granting defendants' motions and dismissing plaintiff's claim for unfair and deceptive trade practices; and (II) by granting defendants' motions and dismissing plaintiff's claims for medical malpractice and/or negligence.

*I.*

Plaintiff contends that the trial court erred by granting defendants' motions and dismissing plaintiff's claim for unfair and deceptive trade practices. We disagree.

"On appeal of a 12(b)(6) motion to dismiss, this Court conducts a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Burgin v. Owen*, 181 N.C. App. 511, 512, 640 S.E.2d 427, 429 (2007) (citation and quotation omitted).

Plaintiff argues that the trial court erred by granting defendants' motions to dismiss plaintiff's claim for unfair and deceptive trade practices. Specifically, plaintiff contends that the trial court erred because the "learned profession" exception under N.C. Gen. Stat. § 75-1.1 does not apply to defendants in this matter.

North Carolina General Statutes, Chapter 75-1.1, holds that:

> (a) Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful.

> (b) For purposes of this section, "commerce" includes all business activities, however denominated, but does not include

> professional services rendered by a member of a learned profession.

N.C.G.S. § 75-1.1(a), (b) (2013). To determine whether the "learned profession" exclusion applies, a two-part inquiry must be conducted: "[f]irst, the person or entity performing the alleged act must be a member of a learned profession. Second, the conduct in question must be a rendering of professional services." *Reid v. Ayers*, 138 N.C. App. 261, 266, 531 S.E.2d 231, 235 (2000) (citations omitted).

Plaintiff concedes that defendants, as medical professionals, "are members of [a] learned profession." Plaintiff argues, however, that the learned profession exception under N.C.G.S. § 75-1.1 does not apply here because, by "illegally access[ing], shar[ing], and us[ing] Plaintiff's peer review materials and patients' confidential medical records out of malice and for financial gain for illegal improper purpose[,]" defendants have not rendered professional services.

The improper conduct by defendants of which plaintiff complains concerns the anonymous complaint sent by "W. Blower" to the North Carolina Medical Board. This anonymous complaint contained references to matters addressed by the 2005 and 2006 peer reviews, matters which plaintiff alleges were to be kept confidential and private as a result of the 2006 mediated

settlement agreement between plaintiff and MPMC. Despite this complaint having been sent anonymously to the North Carolina Medical Board, plaintiff asserts that all defendants, including "John/Jane/It Doe 1 Through 5," were potentially involved with this anonymous complaint because only these parties had access to the materials covered by the 2006 mediated settlement agreement. As such, the conduct of which plaintiff complains involves correspondence sent by one or more medical professionals (defendants) to another group of medical professionals (the North Carolina Medical Board) concerning the conduct of yet another medical professional (plaintiff) committed in a professional setting.

It is well-settled by our Courts that "a matter affecting the professional services rendered by members of a learned profession . . . therefore falls within the exception in N.C.G.S. § 75-1.1(b)." *Burgess v. Busby*, 142 N.C. App. 393, 407, 544 S.E.2d 4, 11—12 (2001) (citations omitted); *see also Gaunt v. Pittaway*, 139 N.C. App. 778, 784, 534 S.E.2d 660, 664 (2000) ("[M]edical professionals are expressly excluded from the scope of N.C.G.S. § 75-1.1(a) and thus it clearly does not follow that a statement by a medical professional, criminal or otherwise, is governed by this particular statute."). Indeed,

> [o]ur Court has made clear that unfair and deceptive acts committed by medical professionals are not included within the prohibition of N.C.G.S. § 75-1.1(a). This exception for medical professionals has been broadly interpreted by this Court, *see Phillips v. A Triangle Women's Health Clinic*, 155 N.C. App. 372, 377-79, 573 S.E.2d 600, 604-05 (2002); *Burgess*, 142 N.C. App. 393, 544 S.E.2d 4 (2001); *Gaunt*, 139 N.C. App. 778, 534 S.E.2d 660 (2000); *Abram v. Charter Medical Corp.*, 100 N.C. App. 718, 722-23, 398 S.E.2d 331, 334 (1990); *Cameron v. New Hanover Memorial Hospital, Inc.*, 58 N.C. App. 414, 447, 293 S.E.2d 901, 921 (1982), and includes hospitals under the definition of "medical professionals."

*Shelton v. Duke Univ. Health Sys., Inc.*, 179 N.C. App. 120, 126, 633 S.E.2d 113, 117 (2006) (citation omitted) (affirming the trial court's dismissal of the plaintiff's claim for unfair and deceptive trade practices against the defendant hospital on grounds that such a claim cannot be brought against medical professionals pursuant to N.C.G.S. § 75-1.1). In this case, defendants' alleged conduct in making a complaint to the Medical Board is integral to their role in ensuring the provision of adequate medical care. Accordingly, plaintiff's argument is without merit.

*II.*

Next, plaintiff argues that the trial court erred by granting defendants' motions and dismissing plaintiff's claim for medical malpractice and/or negligence. We disagree.

> The standard of review of an order granting a 12(b)(6) motion is whether the complaint states a claim for which relief can be granted under some legal theory when the complaint is liberally construed and all the allegations included therein are taken as true. On a motion to dismiss, the complaint's material factual allegations are taken as true. Dismissal is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim.

*Burgin*, 181 N.C. App. at 512, 640 S.E.2d at 428–29 (citations and quotation omitted).

Plaintiff contends that the trial court erred by granting defendants' motions to dismiss plaintiff's third claim for medical malpractice, negligence, and negligence *per se*. In his second complaint, plaintiff also raised a claim for relief based on *res ipsa loquitur*; plaintiff further orally asserted a claim for relief based on corporate negligence before the trial court.

*A. Medical Malpractice*

In his complaint, plaintiff alleged that defendants engaged in medical malpractice pursuant to N.C. Gen. Stat. § 90-21.11. North Carolina General Statutes, Chapter 90-21.11, holds that a medical malpractice claim may be brought in the following instances:

> a. A civil action for damages for personal injury or death arising out of the furnishing or failure to furnish professional services in the performance of medical, dental, or other health care by a health care provider.
>
> b. A civil action against a hospital, a nursing home licensed under Chapter 131E of the General Statutes, or an adult care home licensed under Chapter 131D of the General Statutes for damages for personal injury or death, when the civil action (i) alleges a breach of administrative or corporate duties to the patient, including, but not limited to, allegations of negligent credentialing or negligent monitoring and supervision and (ii) arises from the same facts or circumstances as a claim under sub-subdivision a. of this subdivision.

N.C. Gen. Stat. § 90-21.11(2) (2013).

Plaintiff contends that his claim for medical malpractice has satisfied the pleading requirements of N.C.G.S. § 90-21.11 because defendants are medical providers and a medical provider—patient relationship is not required to assert such a claim. Plaintiff cites *Jones v. Asheville Radiological Grp., P.A.*, 129 N.C. App. 449, 500 S.E.2d 740 (1998), *rev'd in part on other*

*grounds by* 351 N.C. 348, 524 S.E.2d 804 (2000), in support of his argument.

In *Jones*, the plaintiff sued her defendant physician and medical provider, alleging that the defendants had disclosed her medical records without her authorization. *Id*. at 453, 500 S.E.2d at 742. The trial court granted the defendants' motion to dismiss on the grounds that the unauthorized disclosure of medical records did not give rise to a claim for medical malpractice. *Id*. at 455, 500 S.E.2d at 744. This Court disagreed, stating that "in the context of a health care provider's unauthorized disclosure of a patient's confidences, claims of medical malpractice, invasion of privacy, breach of implied contract and breach of fiduciary duty/confidentiality should all be treated as claims for medical malpractice." *Id*. at 456, 500 S.E.2d at 744 (citation omitted). The trial court's dismissal of the plaintiff's claim was then affirmed, however, on the grounds that the plaintiff had failed to comply with the statute of limitations in filing her complaint. *Id*. at 456—57, 500 S.E.2d at 744—45.

*Jones* is not applicable to the instant case since, in *Jones*, the plaintiff was a patient of the defendants and, thus, a clear physician/medical provider to patient relationship

existed between the plaintiff and the defendants. Here, plaintiff was not a patient of defendants, but rather a fellow medical professional and associate of MPMC. "[I]t is well settled that the relationship of health-care provider to patient must be established to maintain an actionable claim for medical malpractice." *Massengill v. Duke Univ. Med. Ctr.*, 133 N.C. App. 336, 338, 515 S.E.2d 70, 72 (1999) (citing *Easter v. Lexington Mem'l Hosp., Inc.*, 303 N.C. 303, 305—06, 278 S.E.2d 253, 255 (1981) ("It is well settled that the relationship of physician to patient must be established as a prerequisite to an actionable claim for medical malpractice.") (citation omitted)). Therefore, the trial court did not err by granting defendants' motions to dismiss with respect to plaintiff's claim for medical malpractice.

*B. Negligence, Negligence per se, Corporate Negligence, Res Ipsa Loquitur*

Plaintiff also brought written claims for negligence, negligence *per se*, and *res ipsa loquitur* in his second complaint, and orally attempted to assert a claim of corporate negligence before the trial court. Plaintiff alleges that these negligence claims arose from defendants' failure to "exercise reasonable care and due diligence in safeguarding the medical

records generated by Plaintiff, and Plaintiff's peer review materials stored under the exclusive care, custody and control of MPMC[.]" In its order dismissing these claims, the trial court noted that "The motion to dismiss Plaintiff's claim for medical malpractice and/or negligence (Count III) is allowed. The Court's decision to dismiss Count III is not based on Rule 9(j) of the Rules of Civil Procedure."

In his second complaint, plaintiff alleged that defendants are medical providers and staff for whom plaintiff generated confidential patient medical records. Plaintiff also alleged that, because defendants engaged in two peer reviews of plaintiff, defendants owed plaintiff a duty to "properly safeguard[] and protect[]" records relating to these reviews which were "stored under the exclusive care, custody and control of MPMC[.]" Plaintiff further alleged that, in addition to defendants "fail[ing] to exercise reasonable care and due diligence in safeguarding [the] medical records generated by Plaintiff, and Plaintiff's peer review materials," defendants are liable under the doctrine of *res ispa loquitur* because defendants' "failure to safeguard Plaintiff's private and confidential materials is evidenced by the fact that said Defendant[s] had exclusive possession, custody and control of

said materials, which would not have been disclosed, but for [defendants'] negligence."

As a result, plaintiff has alleged that he is entitled to recover damages from defendants based upon his claims for negligence against defendants, including actions for negligence, negligence *per se*, corporate negligence, and *res ipsa loquitur*. However, these claims have been abated.

> Under the law of this state, where a prior action is pending between the same parties for the same subject matter in a court within the state having like jurisdiction, the prior action serves to abate the subsequent action. The prior pending action doctrine involves essentially the same questions as the outmoded plea of abatement, and is, obviously enough, intended to prevent the maintenance of a subsequent action [that] is wholly unnecessary and, for that reason, furthers the interest of judicial economy. The ordinary test for determining whether or not the parties and causes are the same for the purpose of abatement by reason of the pendency of the prior action is this: Do the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded?

*Jessee v. Jessee*, 212 N.C. App. 426, 439, 713 S.E.2d 28, 37 (2011) (citations and quotations omitted).

A review of plaintiff's two lawsuits indicates that there exists significant overlap between the parties, subject matter, issues, and relief demanded. Specifically, each lawsuit concerns

a core group of defendants (MPMC, Cynthia Robinson, Robert Singletary, and Whistle Blower 1 Through 10/ Doe 1 Through 5), and identical subject matter and issues (that defendants' failure to safeguard medical records generated by plaintiff and peer review records concerning plaintiff has harmed plaintiff). As plaintiff's two lawsuits "present a substantial identity as to parties, subject matter, issues involved, and relief demanded[,]" plaintiff's second complaint has been abated by plaintiff's first complaint. *See id.* Accordingly, the trial court did not err in granting defendants' motions to dismiss.

Affirmed.

Judges ELMORE and ERVIN concur.