BOBBY J. PLUMMER, PLAINTIFF-APPELLANT v. BENNIE KEARNEY D/B/A
KEARNEY'S MASONRY, EMPLOYER; AMERICAN MUTUAL INSURANCE
COMPANY, (Now INSOLVENT); HELMSMAN MANAGEMENT SERVICE,
INC., (ADMINISTRATOR THROUGH THE WORKERS' COMPENSATION SECURITY FUND
OF THE N.C. DEPARTMENT OF INSURANCE), CARRIER; AND/OR ASHLAND CON-
STRUCTION COMPANY, EMPLOYER; CIGNA INSURANCE COMPANY, CAR-
RIER; DEFENDANTS-APPELLEES

No. 9110IC1163

(Filed 15 December 1992)

**Master and Servant § 95 (NCI3d) — workers' compensation —
dismissal of parties — unappealable interlocutory order**

An order dismissing a subcontractor's insolvent former
compensation carrier, the general contractor and the general
contractor's compensation carrier from a workers' compensa-
tion action instituted by plaintiff, an employee of the sub-
contractor, on the ground that they were not liable for any
compensation benefits which might be payable to plaintiff was
an unappealable interlocutory order where the Industrial Com-
mission made no certification of questions of law, and no substan-
tial right of plaintiff employee to avoid separate trials on the
same issue was affected because the issues resolved by the
Commission were different from the remaining issue of whether
plaintiff's injuries were compensable under the Workers' Com-
pensation Act.

**Am Jur 2d, Appeal and Error § 106.**

Appeal by plaintiff from Opinion and Award for the North
Carolina Industrial Commission filed 1 August 1991. Heard in the
Court of Appeals 23 October 1992.

*Ben E. Roney, Jr., by Ben E. Roney, Jr., for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, by John P. Barringer,
for defendant-appellee American Mutual Insurance Com-
pany/Helmsman Management Service, Inc.*

*Teague, Campbell, Dennis & Gorham, by Robert C. Kerner,
Jr., for defendant-appellees Ashland Construction Company
and CIGNA Insurance Company.*

GREENE, Judge.

Employee Bobby J. Plummer (Plummer) appeals from an order of the North Carolina Industrial Commission (the Commission) dismissing American Mutual Insurance Company (American Mutual), Helmsman Management Services, Inc. (Helmsman), Ashland Construction Company (Ashland), and CIGNA Insurance Company (CIGNA) as defendants in Plummer's workers' compensation action.

Plummer was employed as a laborer and fork lift driver by Bennie Kearney, doing business as Kearney's Masonry (Kearney's). In 1989, Kearney's had an oral contract with Ashland to subcontract work at a job site in South Boston, Virginia. Prior to allowing Kearney's to begin work on the project, Ashland obtained from Kearney's a certificate of insurance which showed that Kearney's had obtained workers' compensation insurance coverage from American Mutual for the period from 11 October 1988 to 11 October 1989. Subsequent to the issuance of this certificate, American Mutual was declared insolvent effective 9 March 1989 by a Massachusetts court order. Helmsman was named administrator for American Mutual through the Workers' Compensation Security Fund of the North Carolina Department of Insurance. All insurance policies issued by American Mutual were cancelled effective 8 May 1989. On 22 March 1989, the Massachusetts court specified that notices of cancellation were to be sent by first class mail, postage prepaid, with proof of mailing obtained. Such a notice was sent to Kearney's, but the record does not reveal whether Kearney's actually received it. Kearney's did not replace its workers' compensation coverage, nor did it notify Ashland or CIGNA, Ashland's workers' compensation carrier, that the coverage had been cancelled.

On 22 September 1989, Plummer allegedly injured his back while lifting blocks for Kearney's at the South Boston work site. Plummer filed a claim under the North Carolina Workers' Compensation Act in October, 1989, naming Kearney's, American Mutual, Helmsman, Ashland, and CIGNA as defendants. A hearing on Plummer's claim was scheduled before a Deputy Commissioner of the Commission in August, 1990, but was continued at the request of Kearney's. During the next two months the parties and the Deputy Commissioner reached an agreement whereby the parties would stipulate a record from which the Deputy Commissioner could decide the issue of insurance coverage for Plummer's claim. The Deputy Commissioner, in her award and opinion of 29 November

1990, concluded that American Mutual, Helmsman, Ashland, and CIGNA were not liable for any benefits which might be payable to Plummer under the Workers' Compensation Act and consequently dismissed them from the action. This left Bennie Kearney, doing business as Kearney's, as the only party liable for any benefits due Plummer. Both Plummer and Kearney's appealed the Deputy Commissioner's opinion and award to the Commission. The Commission adopted the Deputy Commissioner's opinion and award in its entirety on 24 July 1991.

Plummer contends that because Ashland did not obtain a certificate of insurance directly from the Commission as required by N.C.G.S. § 97-19, Ashland and its insurance carrier CIGNA are therefore liable for Plummer's workers' compensation benefits. Plummer further contends that the method of notification of workers' compensation insurance cancellation used, despite the fact that it was approved by the Massachusetts court, does not comply with the requirements of N.C.G.S. § 97-99(a) that such notification be by registered mail and is therefore ineffective. Since effective notice of cancellation was not given, Plummer contends American Mutual and Helmsman remain liable for his workers' compensation benefits. Also, Plummer contends that the Commission erred in making a finding of fact that Kearney's had received the notice of cancellation, as no evidence in the record supports this finding.

_____

The dispositive issue is whether this appeal must be dismissed as interlocutory. Although this issue was not raised by the parties, it is appropriately raised by this Court *sua sponte*. *Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980).

An appeal is taken from an order and award of the Commission "under the same terms and conditions as govern appeals from the superior court to the Court of Appeals in ordinary civil actions." N.C.G.S. § 97-86 (1991). These terms and conditions are set forth in N.C.G.S. § 7A-27, which provides that appeal is available to this Court from final judgments, "including any final judgment entered upon review of a decision of an administrative agency . . . ." N.C.G.S. § 7A-27 (1989). An order is not final, and therefore interlocutory, if it fails to determine the entire controversy between all the parties. *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950). Thus an order and award from the Commission is interlocutory if it determines one but not all

of the issues in a workers' compensation case. *Fisher v. E.I. Du Pont De Nemours*, 54 N.C. App. 176, 178, 282 S.E.2d 543, 544 (1981) (order not final when amount of compensation not determined). Even if the parties request and agree that only a specific issue rather than the entire controversy is to be decided by the Commission at a particular hearing, the order which issues is not a final order. *Fisher*, 54 N.C. App. at 177-78, 282 S.E.2d at 544 (parties cannot by agreement modify the scope of appellate review prescribed by statute).

Such interlocutory orders are generally not appealable. *Love v. Moore*, 305 N.C. 575, 578, 291 S.E.2d 141, 144 (1982). Two avenues do exist, however, whereby an interlocutory order may be immediately appealed. *Baker v. Rushing*, 104 N.C. App. 240, 245, 409 S.E.2d 108, 111 (1991). First, the order may be certified by the trial court as immediately appealable pursuant to N.C.G.S. § 1A-1, Rule 54(b) (1990). An equivalent procedure to certification exists in N.C.G.S. § 97-86, whereby the Commission may, upon its own motion, certify questions of law to this Court for determination. N.C.G.S. § 97-86 (1991). Second, an interlocutory order may be appealed pursuant to N.C.G.S. § 7A-27(d) or N.C.G.S. § 1-277 if it: (1) determines the action; (2) discontinues the action; (3) grants or refuses a new trial; or (4) affects a substantial right of the appellant. *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 5, 362 S.E.2d 812, 815 (1987). The most common reason for allowing immediate appeal of an interlocutory order under these statutes is the prejudice of a substantial right. *Davidson v. Knauff Ins. Agency, Inc.*, 93 N.C. App. 20, 24, 376 S.E.2d 488, 491, *disc. rev. denied*, 324 N.C. 577, 381 S.E.2d 772 (1989). For an interlocutory order of the Commission to be immediately appealable under the substantial right analysis it must: (1) affect a substantial right of the appellant; and (2) have the potential to work injury if not appealed before final judgment. *Johnson v. North Carolina Dep't of Transp.*, 70 N.C. App. 784, 785, 321 S.E.2d 20, 20-21 (1984) (substantial right analysis applied to order and award of the Commission); *Goldston v. American Motors Corp.*, 326 N.C. 723, 728, 392 S.E.2d 735, 737 (1990) (substantial right analysis applied to trial court order).

Because no rule exists for determining when a substantial right is affected, we must consider the particular facts of each case and the procedural context in which the order was entered in determining which appeals affect a substantial right. *Estrada v. Jaques*, 70 N.C. App. 627, 640, 321 S.E.2d 240, 249 (1984). The

PLUMMER v. KEARNEY

[108 N.C. App. 310 (1992)]

substantial right most often addressed is the right to avoid two separate trials on the same issues. *Slurry*, 88 N.C. App. at 5-6, 362 S.E.2d at 815. Denial of this substantial right creates the possibility of prejudice from different fact-finders rendering inconsistent verdicts on the same issue. *T'ai Co. v. Market Square Ltd. Partnership*, 92 N.C. App. 234, 236, 373 S.E.2d 885, 886 (1988). In this case the Deputy Commissioner and the parties agreed to generate a record by stipulation from which findings of fact and conclusions of law could be made as to the coverage issue only. The appeal before the Commission also heard only the issue of coverage. The Commission has made no award of compensation. Indeed, the record does not reveal that the Commission has decided whether Plummer was in fact injured, the nature and extent of his injury, if any, or whether the injury occurred in the scope and in the course of his employment. Therefore, despite the agreement that this single issue only was to be resolved, the order which issued is interlocutory. No certification of questions of law was made by the Commission, nor does this order determine the action, discontinue the action, or grant or refuse a new trial. Thus there remains only the question of the existence of a substantial right.

Failure to hear this appeal will not prejudice a substantial right of Plummer. The issues resolved by the Commission in determining that American Mutual, Helmsman, Ashland, and CIGNA were not liable for any benefits which might be payable to Plummer are different from the issue of whether Plummer's injuries are compensable under the provisions of the Workers' Compensation Act. Therefore, there is no possibility of inconsistent decisions on these issues, and Plummer must await full resolution of all issues in the case before we will address the issues he attempts to raise in this premature appeal.

Accordingly, the appeal is

Dismissed.

Judges WYNN and WALKER concur.