TEDDY L. RIGGINS, Employee, Plaintiff v. ELKAY SOUTHERN CORPORATION, Employer, KEMPER RISK MANAGEMENT SERVICES, Carrier, Defendants

No. COA98-855

(Filed 2 February 1999)

**Workers' Compensation— amount of compensation unresolved—further evidence—interlocutory order—not immediately appealable**

> An opinion and award of the Industrial Commission which settles preliminary questions of compensability but leaves unresolved the amount of compensation to which plaintiff is entitled and expressly reserves final disposition of the matter pending receipt of further evidence is interlocutory and not immediately appealable.

Appeal by defendants from opinion and award filed 28 January 1998 by the North Carolina Industrial Commission. Heard in the Court of Appeals 18 January 1999.

Plaintiff filed a claim seeking workers' compensation benefits for injury to his back and knee that he allegedly sustained on or about 14 August 1993 while lifting a steel basket in the course of his employment with defendant-employer, Elkay Southern Corporation. Defendants denied that the claim was compensable. Following a hearing on 21 February 1997, a deputy commissioner concluded that plaintiff sustained an injury by accident arising out of and in the course of his employment on 14 August 1993. The deputy commissioner further concluded that plaintiff is entitled to have defendants provide for all medical treatment arising from this injury to the extent the treatment tends to effect a cure, give relief or lessen plaintiff's disability. The deputy commissioner also concluded that plaintiff is entitled to temporary total disability as a result of the injury; however, because there was insufficient evidence in the record to determine the dates for which plaintiff was entitled to receive temporary total or temporary partial disability compensation, the deputy commissioner ordered the parties "to confer on these issues." In the event the parties could not agree, they were allowed to submit additional evidence so the deputy could decide the issue.

The Full Commission reached the same conclusions. In addition, the Full Commission reserved the issue of the amount of permanent partial disability, if any, to which plaintiff is entitled for subsequent

RIGGINS v. ELKAY SOUTHERN CORP.

[132 N.C. App. 232 (1999)]

determination. The Full Commission ordered plaintiff to go to an orthopedic surgeon and submit himself for an examination, evaluation, and recommendation of treatment. The Full Commission stated that if the surgeon had no recommendation of treatment, then plaintiff should apply for a permanent partial disability rating. Defendants appeal.

*Roger Newman for plaintiff-appellee.*

*Lewis & Roberts, P.L.L.C., by Winston L. Page, Jr. and M. Reid Acree, Jr., for defendant-appellants.*

EAGLES, Chief Judge.

Neither party addresses the issue of whether the opinion and award is appealable at this time. An appeal from an opinion and award of the Industrial Commission is taken "under the same terms and conditions as govern appeals from the superior court to the Court of Appeals in ordinary civil actions." G.S. 97-86. Consequently, an appeal of right lies only from a final order or decision of the Industrial Commission, one that determines the entire controversy between the parties. *Ledford v. Asheville Housing Authority*, 125 N.C. App. 597, 598-99, 482 S.E.2d 544, 545, *disc. review denied*, 346 N.C. 280, 487 S.E.2d 550 (1997). An opinion and award that settles preliminary questions of compensability but leaves unresolved the amount of compensation to which the plaintiff is entitled and expressly reserves final disposition of the matter pending receipt of further evidence is interlocutory. *Fisher v. E. I. Du Pont De Nemours*, 54 N.C. App. 176, 177-78, 282 S.E.2d 543, 544 (1981); *Nash v. Conrad Industries*, 62 N.C. App. 612, 618, 303 S.E.2d 373, 377, *aff'd*, 309 N.C. 629, 308 S.E.2d 334 (1983); *Beard v. Blumenthal Jewish Home*, 87 N.C. App. 58, 61-62, 359 S.E.2d 261, 263 (1987), *disc. review denied*, 321 N.C. 471, 364 S.E.2d 918 (1988).

The present opinion and award on its face reserves issues for further determination. There is nothing in the record to indicate that all of the matters in this case have been resolved. It is our duty to dismiss an appeal *sua sponte* when no right of appeal exists. *Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980). We therefore dismiss this appeal as interlocutory.

Appeal dismissed.

Judges McGEE and HORTON concur.