MARK RATCHFORD, Employee, Plaintiff-Appellant v. C.C. MANGUM INC., Employer; ST. PAUL FIRE & MARINE INSURANCE COMPANY, Carrier, Defendant-Appellees

No. COA01-848

(Filed 7 May 2002)

1. **Appeal and Error— petition to Supreme Court—jurisdiction of Industrial Commission**

    The Industrial Commission had jurisdiction to enter an opinion and award in an action on remand from the Court of Appeals in which a petition for discretionary review was pending before the Supreme Court. There was no temporary stay or writ of supersedeas from the Supreme Court.

2. **Appeal and Error— workers' compensation order—amount of compensation not determined—premature appeal**

    An appeal from a workers' compensation order was dismissed as premature where the order determined that a clincher agreement was void but did not determine the extent and amount of compensation and plaintiff did not show a substantial right which might be lost if the opinion and award was not reviewed before a final decision.

Appeal by plaintiff from opinion and award entered 15 February 2001 by the North Carolina Industrial Commission. Heard in the Court of Appeals 28 March 2002.

*Law Offices of George W. Lennon, by George W. Lennon and Michael W. Ballance, for plaintiff-appellant.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Linda Stephens and Tracey L. Jones, for defendant-appellees.*

MARTIN, Judge.

Plaintiff was injured in his employment with defendant-employer on 20 October 1995. On 1 November 1995, defendants executed an IC Form 60, recognizing plaintiff's right to temporary total disability compensation. Pursuant thereto, plaintiff received compensation from 21 October 1995 until 10 August 1996.

On 29 July 1996, defendants filed an IC Form 24 application to terminate plaintiff's benefits for his refusal to return to work. The Form

RATCHFORD v. C.C. MANGUM, INC.

[150 N.C. App. 197 (2002)]

24 was withdrawn by defendants on 12 August 1996 after the parties entered into a clincher agreement in which defendants agreed to pay plaintiff $30,000 in addition to the compensation which he had already been paid in full settlement of his claim "for compensation due or to become due." The clincher agreement was submitted to the Industrial Commission for approval and was approved.

On 26 December 1996, plaintiff filed an IC Form 33, seeking to set aside the clincher agreement on the grounds that it had been improvidently approved by the Commission. A deputy commissioner denied plaintiff's motion and the Full Commission affirmed the deputy's decision. Plaintiff appealed to this Court. In an unpublished opinion filed 19 December 2000, this Court held that the agreement had been approved in violation of G.S. § 97-82 and Industrial Commission Rule 502 and was voidable pursuant to G.S. § 97-82. The Commission's decision was reversed and the case was remanded to the Commission. *Ratchford v. C.C. Mangum, Inc.*, 141 N.C. App. 150, 541 S.E.2d 523 (unpublished, COA99-1611, 19 December 2000). The decision was certified to the Commission on 8 January 2001.

On 23 January 2001, defendants petitioned the North Carolina Supreme Court for discretionary review. While the petition was pending, on 15 February 2001, the Industrial Commission entered an opinion and award concluding "the agreement is voidable by plaintiff" and remanding the case to a deputy commissioner for a further hearing to determine what benefits, if any, are owed to plaintiff. On 1 March 2001, the Supreme Court denied defendant's petition for discretionary review. On 12 March 2001, plaintiff gave notice of appeal from the Commission's 15 February 2001 opinion and award.

[1] Plaintiff initially contends the Commission had no jurisdiction to enter its opinion and award because defendants' petition for discretionary review of this Court's opinion was pending before the North Carolina Supreme Court. We disagree. Where a case is remanded to the Industrial Commission from an appellate court, the appellate court surrenders jurisdiction and the Industrial Commission acquires jurisdiction for all purposes. *Butts v. Montague Bros.*, 208 N.C. 186, 179 S.E. 799 (1935). Thus, the Commission acquired jurisdiction of this case after appeal on 8 January 2001 when this Court certified its opinion reversing the prior opinion and award and remanding the case to the Commission. The petition for discretionary review, filed in the Supreme Court on 23 January 2001, did not divest the Commission of jurisdiction. In the absence of the grant of a temporary stay or a

writ of supersedeas by the Supreme Court, the enforcement of the determination mandated by the Court of Appeals is not stayed pending the Supreme Court's determination of the application for discretionary review. N.C.R. App. P. 23. The record in this case does not contain any order of the Supreme Court staying, pending that Court's determination of defendant's petition for discretionary review of the decision of this Court, the effect of the mandate issued by this Court to the Commission. Therefore, we hold the Commission had jurisdiction to enter the opinion and award from which plaintiff seeks to appeal.

**[2]** Having determined that the Commission had jurisdiction to enter the opinion and award, we must now consider whether the opinion and award is properly before us for review. We conclude that it is not and dismiss the appeal.

An appeal from an opinion and award of the Industrial Commission is subject to the "same terms and conditions as govern appeals from the superior court to the Court of Appeals in ordinary civil actions." N.C. Gen. Stat. § 97-86 (1999). Parties have a right to appeal any final judgment of a superior court. N.C. Gen. Stat. § 7A-27 (1999). Thus, an appeal of right arises only from a final order or decision of the Industrial Commission. *Ledford v. Asheville Housing Authority*, 125 N.C. App. 597, 598-99, 482 S.E.2d 544, 545, *disc. review denied*, 346 N.C. 280, 487 S.E.2d 550 (1997).

A final judgment is one that determines the entire controversy between the parties, leaving nothing to be decided in the trial court. *Ledford*, 125 N.C. App. at 599, 482 S.E.2d at 545; *Atkins v. Beasley*, 53 N.C. App. 33, 36, 279 S.E.2d 866, 869 (1981). An opinion and award of the Industrial Commission is interlocutory if it determines one but not all of the issues in a workers' compensation case. *Fisher v. E.I. Du Pont De Nemours*, 54 N.C. App. 176, 177-78, 282 S.E.2d 543, 544 (1981) (order not final where amount of compensation not determined).

In the present case, the Commission's opinion and award determines that the clincher agreement is void; the extent and amount of compensation to which plaintiff is entitled upon the voiding of the agreement, however, has not been determined. Thus, the order does not determine the entire controversy and, to the extent it remands the matter to a deputy commissioner for hearing, it is clearly interlocutory. *See Fisher, supra.*

Nevertheless, an appeal from an interlocutory order may be proper when the order from which appeal is taken affects a substantial right of the appellant. N.C. Gen. Stat. §§ 7A-27(d) (1999); 1-277 (1999). This exception requires that the interlocutory order being appealed affect a right of the appellant which is a substantial one, the deprivation of which will potentially result in injury to the appellant if the order is not reviewed before final judgment. *Travco Hotels v. Piedmont Natural Gas Co.*, 332 N.C. 288, 420 S.E.2d 426 (1992); *see Plummer v. Kearney*, 108 N.C. App. 310, 423 S.E.2d 526 (1992) (applying substantial right analysis to workers' compensation case). Whether an order affects a substantial right is a case-by-case determination made by weighing the specific facts and procedural context. *Id.* "The party desiring an immediate appeal of an interlocutory order bears the burden of showing that such appeal is necessary to prevent loss of a substantial right." *Mills Pointe Homeowner's Association, Inc. v. Whitmire*, 146 N.C. App. 297, 299, 551 S.E.2d 924, 926 (2001) (citing *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994)). In *Jeffreys*, this Court stated that "[i]t is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order." 115 N.C. App. at 380, 444 S.E.2d at 254. Plaintiff has shown, in his brief, no substantial right which may be lost if the Commission's opinion and award is not reviewed before a final decision.

Appeal dismissed.

Judges TYSON and THOMAS concur.