JIMMY LEWIS WATTS, Employee, Plaintiff v. HEMLOCK HOMES OF THE HIGH-
LANDS, INC., Employer, BUILDERS MUTUAL INSURANCE COMPANY, Carrier,
Defendants

No. COA02-1229

(Filed 19 August 2003)

**Appeal and Error— appealability—interlocutory order—work-
ers' compensation award**

Defendants' appeal in a workers' compensation case is dis-
missed as an appeal from an interlocutory order and there is no
immediate right of appeal, because: (1) an opinion and award that
on its face contemplates further proceedings or which does not

fully dispose of the pending stage of the litigation is interlocutory, and the opinion in this case specifically reserved the issue of the amount of plaintiff's compensation award pending a hearing to determine plaintiff's average weekly wage at the time of his compensable injury; and (2) defendants' brief contains no statements of the grounds for appellate review and no discussion of any basis for review of this interlocutory order as required by N.C. R. App. P. 28(b)(4).

Appeal by defendants from opinion and award entered 7 May 2002 by the North Carolina Industrial Commission. Heard in the Court of Appeals 21 May 2003.

*No brief filed for plaintiff-appellee.*

*Lewis & Roberts, P.L.L.C., by John H. Ruocchio and Timothy S. Riordan, for defendant-appellants.*

HUDSON, Judge.

Plaintiff, Jimmy Lewis Watts, was injured in his employment with defendant Hemlock Homes of the Highlands, Inc. ("Hemlock Homes") on 26 September 1995. On 6 October 1995, defendants executed an IC Form 60, recognizing plaintiff's right to compensation and noting an average weekly wage of $480.00, yielding a compensation rate of $320.01 per week. Defendant began making payments to plaintiff at that rate.

On 4 November 1995, plaintiff returned to work for Hemlock Homes and continued to work through 21 February 1996, at which time plaintiff underwent surgery on his shoulder. On 26 February 1996, defendants sent plaintiff a letter informing plaintiff that his average weekly wage was $244.73, not $480.00, and which generated a compensation rate of $161.16 per week. Subsequently, defendants began paying plaintiff compensation at the rate of $161.16 per week.

On 30 October 1998, plaintiff filed a motion along with the IC Form 60 in the Superior Court in Jackson County seeking an order to enforce the IC Form 60, which stated that plaintiff's average weekly wage was $480.00. On 19 July 1999, after hearing arguments, Judge J. Marlene Hyatt entered judgment ordering payment to plaintiff in the amount of $29,517.88, which represented the past compensation plaintiff would have received if paid at a compensation rate of

$320.01 per week, and ordered defendants to continue paying plaintiff ongoing compensation, consistent with IC Form 60, at the rate of $320.01 per week.

Defendant appealed this order to this Court, which vacated the order, holding that the superior court exceeded its jurisdiction by entering judgment and forcing payment of an amount of compensation when such an amount was in dispute. *Watts v. Hemlock Homes of the Highlands, Inc.*, 141 N.C. App. 725, 544 S.E.2d 1, *disc. review denied*, 353 N.C. 398, 547 S.E.2d 431 (2001).

On 17 February 1999, defendants filed an IC Form 24 seeking to terminate plaintiff's compensation, contending that plaintiff had been working and building houses since 26 January 1996. On 18 March 1999, a Form 24 hearing was held before Special Deputy Commissioner Gina Cammarano. On 25 March 1999, Special Deputy Cammarano entered an order stating that the Commission was unable to reach a decision. Subsequently, on 4 May 1999, Special Deputy Cammarano ordered defendants to immediately reinstate plaintiff's temporary total disability compensation. On 12 May 1999, defendants filed an IC Form 33 to request a hearing on both the 25 March 1999 and 4 May 1999 orders.

The matter was thereafter set for hearing before Deputy Commissioner George T. Glenn, II. Following several hearings, on 31 October 2000, Deputy Glenn ordered that the compensation rate should be paid pursuant to the IC Form 60 in the amount of $320.02 [sic] per week.

Defendants appealed to the Full Commission alleging that plaintiff has worked, and continues to work, as a carpenter, general contractor, and boom truck operator. The Full Commission affirmed and modified Deputy Commissioner Glenn's order, finding that plaintiff returned to work as of 31 March 2000. The Full Commission, however, remanded the case for a hearing before a Deputy Commissioner on the issues of "plaintiff's average weekly wage at the time of plaintiff's compensable injury by accident and plaintiff's resultant weekly compensation rate."

Defendants now appeal to this Court arguing (1) that the Commission erred in determining that plaintiff was temporarily totally disabled from 21 February 1996 through 31 March 2000; (2) that the Commission applied an incorrect standard for determining plaintiff's period of disability; (3) that the Commission failed to make material findings of fact; and (4) the Commission's findings of fact

and conclusions of law are insufficient for this Court to determine the rights of the parties to this controversy. However, for the following reasons, we dismiss this appeal as interlocutory.

An appeal from an opinion and award of the Industrial Commission is subject to the "same terms and conditions as govern appeals from the superior court to the Court of Appeals in ordinary civil actions." G.S. § 97-86 (2001). Parties have a right to appeal any final judgment of a superior court. G.S. § 7A-27 (2001). Therefore, an appeal as of right can arise only from a final order of the Industrial Commission. *Ratchford v. C.C. Mangum, Inc.*, 150 N.C. App. 197, 199, 564 S.E.2d 245, 247 (2002).

"A final judgment is one that determines the entire controversy between the parties, leaving nothing to be decided in the trial court." *Id.* We have said that "[a]n opinion and award of the Industrial Commission is interlocutory if it determines one but not all of the issues in a workers' compensation case." *Id; see also Fisher v. E.I. DuPont De Nemours*, 54 N.C. App. 176, 177-78, 282 S.E.2d 543, 544 (1981) (holding that an order is not final where the amount of compensation is not determined). Moreover, while we recognize that a workers' compensation claim may continue under an open award for many weeks or even years, an opinion and award that on its face contemplates further proceedings or which does not fully dispose of the pending stage of the litigation is interlocutory. *See Riggins v. Elkay Southern Corp.*, 132 N.C. App. 232, 233, 510 S.E.2d 674 (1999) ("An opinion and award that settles preliminary questions of compensability but leaves unresolved the amount of compensation to which the plaintiff is entitled and expressly reserves final disposition of the matter pending receipt of further evidence is interlocutory").

Here, the Commission's opinion and award specifically reserved the issue of the amount of plaintiff's compensation award pending a hearing to determine plaintiff's average weekly wage at the time of his compensable injury. Although the opinion determined that plaintiff suffered a compensable injury by accident, the total amount of compensation has yet to be determined, and the average weekly wage is in dispute. There being nothing in the record to indicate that the parties have resolved this issue independently after the Commission entered its opinion, this appeal is clearly interlocutory.

We note that Rule of Appellate Procedure 28(b)(4) requires the appellant to include in its brief to this Court a "statement of grounds for appellate review. . . . When an appeal is interlocutory, the state-

ment must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." Further, it is well established that the appellant bears the burden of making such a showing to the court, and that it is not up to the court to construct the grounds for the parties. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994). The appellant's brief here contains no statement of the grounds for appellate review, and no discussion of any basis for review of this interlocutory order.

Appeal dismissed.

Judges TIMMONS-GOODSON and STEELMAN concur.