CHERI EVANS, Employee, Plaintiff v. HENDRICK AUTOMOTIVE GROUP, Self-Insured, Employer/Defendant, CHUBB SERVICES CORPORATION, Third-Party Administrator/Defendant

No. COA10-39

(Filed 1 March 2011)

**Appeal and Error— interlocutory orders and appeals—Industrial Commission—appeal dismissed**

Defendants' appeal from an opinion and award by the Full Commission awarding temporary total disability benefits, temporary partial disability benefits, past and future medical expenses, costs, and attorney fees to plaintiff was dismissed as interlocutory. The opinion and award on its face contemplated further proceedings to resolve the amount of plaintiff's wage loss benefits.

Appeal by defendants from Opinion and Award entered on or about 30 September 2009 by the North Carolina Industrial Commission. Heard in the Court of Appeals 18 August 2010.

*Patterson Harkavy LLP by Valerie A. Johnson and Narendra K. Ghosh, for plaintiff-appellee.*

*McAngus, Goudelock & Courie, PLLC by Andrew Ussery and Daniel L. McCullough, for defendant-appellee.*

STROUD, Judge.

Hendrick Automotive Group and Chubb Services Corporation (collectively referred to as "defendants") appeal an opinion and award by the Full Commission awarding temporary total disability benefits, temporary partial disability benefits, past and future medical expenses, costs, and attorney's fees to Cheri Evans ("plaintiff"). For the following reasons, we dismiss defendants' interlocutory appeal.

## I. Background

The uncontested findings in the Full Commission's opinion and award establish that plaintiff was employed as an office manager by Honda Cars of McKinney in McKinney, Texas, which is an automotive dealership owned by defendant Hendrick Automotive Group. While on a business trip for her employer in Charlotte, North Carolina, plaintiff was returning to her hotel from an employer-sponsored dinner, which included alcoholic beverages, when she "put her leg over

the side of the escalator and [rode] . . . it down briefly" but "hit a pillar and fell to the tile floor approximately 25-30 feet below." As a result of her fall, plaintiff suffered severe injuries to her head and wrist and underwent multiple surgeries and procedures to treat those injuries, which included: surgical repair of "multiple fractures to her bilateral maxillary sinuses, her bilateral orbits, including a depressed fracture and three complex facial lacerations[;]" a left frontal craniotomy to remove blood from her brain; implantation of a steel plate in her skull to repair her skull fractures; two separate surgeries to repair her wrist, that included the installation of "hardware[;]" and repair of several broken teeth. Following her discharge from the hospital and return to Texas, plaintiff saw several health care professionals for continued treatment of her injuries.

Plaintiff returned to work but had difficulty in performing her job duties, as she had problems remembering and performing certain tasks. On 15 May 2006, plaintiff was terminated by her employer for changing "the pay for two office employees without authorization and issu[ing] a check without a required second signature[.]" Plaintiff was out of work for four months following her termination but did find work as a administrative supervisor. However, plaintiff's earnings at her new employment were less than her earnings as an employee with Honda Cars of McKinney.

On 13 December 2006, plaintiff filed a claim for workers' compensation benefits, requesting the claim be assigned for a hearing. Plaintiff's claim was heard before a deputy commissioner, who issued an opinion and award on 19 October 2008, finding that plaintiff had suffered a compensable injury by accident and awarding plaintiff temporary total disability benefits for her time out of work, temporary partial disability benefits for her loss of wages, and payment of medical expenses. Defendants appealed the deputy commissioner's opinion and award to the Full Commission. The Full Commission in its opinion and award affirmed the deputy commissioner, with minor modifications, and awarded plaintiff (1) temporary total disability benefits; (2) wage loss benefits for her temporary partial disability; (3) past and future medical expenses related to plaintiff's compensable injury; (4) payment for permanent damage to plaintiff's teeth; and (5) costs and attorney's fees. On or about 5 October 2009, plaintiff filed a motion to amend the Full Commission's award and opinion, arguing that some of the Commission's calculations of plaintiff's wage loss benefits contained clerical errors. Defendants concurred in this

motion. On 26 October 2009, defendants filed notice of appeal from the Full Commission's opinion and award dated 30 September 2009.

## II. Plaintiff's motion to dismiss as interlocutory

We first address plaintiff's motion to dismiss defendants' appeal. Plaintiff argues that "defendants have sought to appeal from a non-final order of the Industrial Commission, which deprives this Court of jurisdiction to hear their appeal." Plaintiff, citing Industrial Commission Rule 702 and the unpublished case *James v. Carolina Power & Light*, 2008 N.C. App. LEXIS 374 (N.C. App. Mar. 4, 2008), argues that defendants' appeal was interlocutory because her motion to amend specifically addressed the amount of compensation in the opinion and award, and this issue required further determination by the Full Commission. Plaintiff concludes that because she filed her motion to amend before defendants filed their appeal, the opinion and award is a non-final judgment. Defendants, citing *Watts v. Hemlock*, 160 N.C. App. 81, 584 S.E.2d 97 (2003) and *Riggins v. Elkay Southern Corp.*, 132 N.C. App. 232, 510 S.E.2d 674 (1999), counter that the Full Commission's decision was a final decision because (1) the opinion and award did not expressly reserve any issues for further determination; (2) the Commission "adjudicated the issues of compensability and disability and awarded benefits accordingly[;]" and (3) "[t]here are no further proceedings contemplated by the Industrial Commission Opinion and Award in this case."

We have stated that

[a]n order is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy. There is generally no right to appeal an interlocutory order.

An interlocutory order is subject to immediate appeal only if (1) the order is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to Rule 54(b) of the Rules of Civil Procedure, or (2) the trial court's decision deprives the appellant of a substantial right that will be lost absent immediate review.

*Gregory v. Penland*, 179 N.C. App. 505, 509, 634 S.E.2d 625, 628 (2006) (citations and quotation marks omitted). An appeal from an opinion and award of the Industrial Commission is subject to the "same terms

and conditions as govern appeals from the superior court to the Court of Appeals in ordinary civil actions." N.C. Gen. Stat. § 97-86 (2007).

> Therefore, a decision of the Industrial Commission is interlocutory if it determines one but not all of the issues in a workers' compensation case. A decision that on its face contemplates further proceedings or . . . does not fully dispose of the pending stage of the litigation is interlocutory. Even where a decision is interlocutory, however, immediate review of the issue is proper where the interlocutory decision affects a substantial right. To qualify, the right affected must be substantial, and the deprivation of that substantial right must potentially work injury if not corrected before appeal from a final judgment.

*Cash v. Lincare Holdings,* 181 N.C. App. 259, 263, 639 S.E.2d 9, 13 (2007) (citation, brackets, and quotation marks omitted).

In *Watts,* the defendants appealed from a Full Commission's order which ordered that compensation should be paid to the plaintiff but "remanded the case for a hearing before a deputy Commissioner on the issues of 'plaintiff's average weekly wage at the time of plaintiff's compensable injury by accident and plaintiff's resultant weekly compensation rate.' " 160 N.C. App. at 83, 584 S.E.2d at 98-99. This Court, in dismissing the defendants' appeal as interlocutory, noted that

> the Commission's opinion and award specifically reserved the issue of the amount of plaintiff's compensation award pending a hearing to determine plaintiff's average weekly wage at the time of his compensable injury. Although the opinion determined that plaintiff suffered a compensable injury by accident, the total amount of compensation has yet to be determined, and the average weekly wage is in dispute. There being nothing in the record to indicate that the parties have resolved this issue independently after the Commission entered its opinion, this appeal is clearly interlocutory.

*Id.* at 84, 584 S.E.2d at 99.

Likewise, in *Riggins,* the defendants appealed from the Full Commission's award of temporary total disability compensation to the plaintiff but the order did not decide the dates for which the plaintiff was entitled to this compensation or "the issue of the amount of permanent partial disability[.]" 132 N.C. App. at 232, 510 S.E.2d at 674. This Court concluded that "[a]n opinion and award that settles preliminary questions of compensability but leaves unresolved the

**EVANS v. HENDRICK AUTO. GRP.**

[210 N.C. App. 247 (2011)]

amount of compensation to which the plaintiff is entitled and expressly reserves final disposition of the matter pending receipt of further evidence is interlocutory." *Id.* at 233, 510 S.E.2d at 675 (citations omitted). This Court, in dismissing the defendants' appeal as interlocutory, noted that "[t]he present opinion and award on its face reserves issues for further determination. There is nothing in the record to indicate that all of the matters in this case have been resolved. It is our duty to dismiss an appeal *sua sponte* when no right of appeal exists." *Id.*[1]

Accordingly, we look to the Full Commission's opinion and award, not the subsequent motion to amend, to determine whether defendant's appeal is interlocutory. Here, defendants appealed from the Full Commission's opinion and award dated 30 September 2009. The Full Commission's opinion and award sets the amount for plaintiff's temporary total disability, orders defendants to "pay past and future medical expenses for the effects of plaintiff's injury[,]" sets the amount for permanent damage to plaintiff's teeth, and sets the amount for the award of plaintiff's attorney's fees and orders defendants to pay costs. Even though it is not noted by either party on appeal, the Full Commission's opinion and award also makes the conclusion that, "The plaintiff has proved her entitlement to continuing wage loss benefits[,]" but also states that "[d]efendants are responsible for additional benefits *as will be determined by subsequent order.*" (Emphasis added.) The Full Commission in the "Award" section orders defendants to pay $389.39 per week beginning as of September 15, 2006 and continuing through December 31, 2007[,]" for "plaintiff's wage loss benefits" but also notes that "[s]ubsequent weekly payments will be made *following the entry of an additional order.*" (Emphasis added.) As in *Watts* and *Riggins*, the Full Commission's opinion and award expressly reserved pending issues regarding the amount of plaintiff's compensation award. *See Watts*, 160 N.C. App. at 84, 584 S.E.2d at 99; *Riggins*, 132 N.C. App. at 233, 510 S.E.2d at 675. Plaintiff's motion to amend the wage loss benefit portion of the opinion and award and defendants' concurrence in the motion to amend only

---

1. As to the authority cited by plaintiff in support of her argument, we hold that I.C. Rule 702(1) governs the "running of the time for filing and serving a notice of appeal" from an Industrial Commission Opinion and Award, but is inapplicable in determining whether an appeal is interlocutory. In addition, as "[a]n unpublished decision of the North Carolina Court of Appeals is not controlling legal authority[,]" N.C.R. App. P. 30(e)(3), we will not address the plaintiff's argument in reliance on *James v. Carolina Power & Light*, 2008 N.C. App. LEXIS 374 (N.C. App. Mar. 4, 2008) (unpublished).

serves to emphasize the interlocutory nature of the appeal, as both filings indicate that this matter has not been fully resolved. *See id.* As the opinion and award "on its face contemplate[d] further proceedings[,]" *see Cash,* 181 N.C. App. at 263, 639 S.E.2d at 13, to resolve the amount of plaintiff's wage loss benefits, we hold that defendants' appeal is interlocutory. Defendants' raise no argument as to impairment of a substantial right which would be a basis for this Court to hear their interlocutory appeal, conceding that "[i]f the award is non-final, then the appeal is interlocutory, and . . . the appeal is premature." Accordingly, we grant plaintiff's motion and dismiss defendants' interlocutory appeal.

DISMISSED.

Judges McGEE and ERVIN concur.