TAMMY ALLISON, Employee, Plaintiff v. WAL-MART STORES, Self-Insured
Employer, (CLAIMS MANAGEMENT, INC., Third Party Administrator), Defendants

No. COA10-1023

(Filed 17 May 2011)

**Appeal and Error— interlocutory orders and appeals—workers'
compensation opinion and award—continuing disability to
be determined**

An appeal from a workers' compensation opinion and award
was dismissed as interlocutory where the order expressly
reserved the extent of plaintiff's continuing disability for future
determination.

Appeal by defendant Wal-Mart Stores from Opinion and Award
entered 18 May 2010 by the North Carolina Industrial Commission.
Heard in the Court of Appeals 21 February 2011.

*Cobourn & Saleeby, L.L.P., by Sean C. Cobourn, for plaintiff-
appellee.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by M. Duane
Jones and Brandon M. Williams, for defendant-appellant Wal-
Mart Stores.*

MARTIN, Chief Judge.

Defendant-employer Wal-Mart Stores appeals from an Opinion
and Award by the North Carolina Industrial Commission ("the
Commission") awarding temporary total disability compensation to
plaintiff-employee Tammy Allison. The parties stipulate that plaintiff-
employee sustained an injury by accident arising out of and in the
course of her employment on 19 June 2007. On 5 July 2007, defend-
ant-employer filed a Form 60 with the Commission, admitting that
plaintiff-employee suffered an injury by accident, sustained a
"[c]ontusion of the left knee & sprain of lumbar," and was entitled to
temporary total compensation for such injury. One year later, plain-
tiff-employee filed a Form 33 with the Commission, requesting pay-
ment for permanent partial disability, medical expenses, and addi-
tional medical treatment. In March 2009, defendant-employer filed a
Form 61 with the Commission, denying plaintiff-employee's claim for
the following reasons:

[Plaintiff-employee] was released at MMI with a zero percent (0%) impairment rating to the left knee on September 5, 2007. Dr. Goebel opined that [plaintiff-employee] sustained a "flare-up" of her underlying arthritis. Defendants contend that [any] treatment received by [plaintiff-employee] for her left lower extremity or back after September 5, 2007 is not causally related to the incident of June 19, 2007.

After a hearing before the deputy commissioner, on 16 November 2009, the deputy commissioner entered an Opinion and Award denying plaintiff-employee's claim for further benefits. Plaintiff-employee appealed to the Full Commission, which entered an Opinion and Award on 18 May 2010 reversing the deputy commissioner's Opinion and Award. The Commission concluded that plaintiff-employee's "left medial meniscus tear was causally related to the June 19, 2007 injury by accident, resulting in [plaintiff-employee] being temporarily totally disabled from any employment and subsequent knee surgery." The Commission also concluded that plaintiff-employee's injury by accident "additionally caused [plaintiff-employee's] back injury, which resulted in ongoing treatment and [plaintiff-employee] being temporarily totally disabled from any employment as a result of back surgery on February 10, 2009 until July 27, 2009." Accordingly, the Commission awarded plaintiff-employee temporary total disability compensation for the periods from 19 June 2007 to 5 September 2007, from 2 July 2008 to 15 October 2008, and from 10 February 2009 to 27 July 2009. The Commission further ordered that defendant-employer pay all related medical expenses that have been or will be incurred as a result of plaintiff-employee's compensable injury by accident on 19 June 2007, "for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief or tend to lessen [plaintiff-employee's] period of disability." The Commission also concluded that "[t]he record contains insufficient evidence regarding the extent of [plaintiff-employee's] continuing disability," and decreed, "In that the record contains insufficient evidence concerning the extent of [plaintiff-employee's] continuing disability, if any, after July 27, 2009, this issue is RESERVED for future determination or agreement of the parties." Defendant-employer appeals.

---

"Neither party addresses the issue of whether the [O]pinion and [A]ward is appealable at this time." See Riggins v. Elkay S. Corp., 132 N.C. App. 232, 233, 510 S.E.2d 674, 675 (1999). " 'An appeal from an opinion and award of the Industrial Commission is subject to the

same terms and conditions as govern appeals from the superior court to the Court of Appeals in ordinary civil actions.' " *Perry v. N.C. Dep't of Corr.*, 176 N.C. App. 123, 129, 625 S.E.2d 790, 794 (2006) (quoting *Ratchford v. C.C. Mangum, Inc.*, 150 N.C. App. 197, 199, 564 S.E.2d 245, 247 (2002)). " 'Thus, an appeal of right arises only from a final order or decision of the Industrial Commission.' " *Id.* (quoting *Ratchford*, 150 N.C. App. at 199, 564 S.E.2d at 247). "A decision of the Industrial Commission 'is interlocutory if it determines one but not all of the issues in a workers' compensation case.' " *Id.* (quoting *Ratchford*, 150 N.C. App. at 199, 564 S.E.2d at 247). "A decision that 'on its face contemplates further proceedings or which does not fully dispose of the pending stage of the litigation is interlocutory.' " *Id.* (quoting *Watts v. Hemlock Homes of the Highlands, Inc.*, 160 N.C. App. 81, 84, 584 S.E.2d 97, 99 (2003)).

In the present case, after concluding that "[t]he record contain[ed] insufficient evidence regarding the extent of [plaintiff-employee's] continuing disability," the Commission expressly reserved "for future determination" the "extent of [plaintiff-employee's] continuing disability, if any, after July 27, 2009." There is nothing in the record to indicate that this issue has since been addressed by the Commission or resolved by agreement of the parties. "It is our duty to dismiss an appeal *sua sponte* when no right of appeal exists." *Riggins*, 132 N.C. App. at 233, 510 S.E.2d at 675 (citing *Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980)); *see, e.g., Nash v. Conrad Indus., Inc.*, 62 N.C. App. 612, 618, 303 S.E.2d 373, 377 ("The 23 July 1981 Opinion and Award expressly reserved final disposition of the matter pending the receipt of more complete evidence regarding any additional permanent partial disability plaintiff sustained as a result of the condition of her back. That Opinion and Award did not dispose finally of the matter. Rather, it contemplated further proceedings and was therefore interlocutory. Appeal from an order of the Industrial Commission lies only from a final order. Appeal from an interlocutory order is improper." (citation omitted)), *aff'd per curiam*, 309 N.C. 629, 308 S.E.2d 334 (1983). Accordingly, we dismiss this appeal as interlocutory.

Dismissed.

Judges McGEE and McCULLOUGH concur.