IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1033

Filed 7 May 2025

Davidson County, No. 23CVS001756-280

FINE LINE HOMES, LP, Plaintiff,

v.

ANITA LUTHRA and
SARINA STEINBACHER, Defendants.

Appeal by plaintiff from order entered 3 July 2024 by Judge Lori I. Hamilton in Davidson County Superior Court. Heard in the Court of Appeals 8 April 2025.

*The Cooper Legal Firm, P.C., by Stephanie L. DeMaioribus (Cooper), for plaintiff-appellant.*

*Sarina Steinbacher and Anita Luthra, pro se, for defendants-appellees.*

FLOOD, Judge.

Plaintiff Fine Line Homes, LP, appeals from the trial court's order dismissing Plaintiff's lien enforcement claim. On appeal, Plaintiff argues the trial court erred in requiring strict compliance with the enumerated elements of N.C.G.S. §44A-12 to create a valid lien, and in concluding that Plaintiff's lien filing was unenforceable. Upon review, we conclude the trial court did not err in concluding Plaintiff's lien filing was defective, as the date of the last furnishing is required on a lien filing per statute and our case law. We further conclude the trial court properly dismissed Plaintiff's lien enforcement claim, as the lien filing was defective without the date of the last

furnishing.

## I. Factual and Procedural Background

On 20 June 2022, Plaintiff and Defendant Anita Luthra entered into a contract, whereby Plaintiff provided labor, services, materials, and equipment for the construction of a single-home residence at 517 Dorado Drive, Davidson County, North Carolina (the "Property"), and which Defendant Luthra signed in her capacity as one of the Property owners. Defendant Sarina Steinbacher did not sign the contract, but is a co-owner of the Property with Defendant Luthra.

On or about 3 March 2023, Defendant Luthra terminated Plaintiff's services. After Defendant Luthra failed to pay Plaintiff for the services provided, on 19 April 2023, Plaintiff filed a mechanic's lien on Defendants' Property, in the amount of $44,554.77. Plaintiff then filed a verified complaint (the "Complaint") against Defendants on 22 August 2023 in Davidson County District Court, requesting the trial court enforce the lien, and in the alternative, provide relief by quantum meruit.

Both Defendants filed separate answers. Defendant Steinbacher filed a pro se answer (the " Steinbacher Answer"), whereby she: denied being a party to the dispute as she did not sign the contract; claimed she was "being asked to pay for goods and services that were never delivered, such as a carport and vinyl rails around the stairs"; accused Plaintiff of making the "home [three] rooms instead of [four] as per [the] contract"; accused Plaintiff of "shoddy workmanship" and that "some work is not up to code such as the basement[,] stairs[,] and [the] front porch"; denied both claims

of relief sought by Plaintiff; and, in relevant part, requested the trial court "dismiss the Complaint with prejudice[.]"

In Defendant Luthra's answer (the "Luthra Answer"), Defendant Luthra denied both of Plaintiff's claims for relief, moved to dismiss, and filed counterclaims of: unfair and deceptive trade practices, fraud, fraud in the inducement, false lien filing, breach of contract, breach of warranty, negligence, and quantum merit. In relevant part, the Luthra Answer alleged:

> Plaintiff is barred from bringing a claim to enforce a lien because Plaintiff's lien is defective. Plaintiff's lien is defective because it does not contain a completion date or date of last work performed, and therefore, Plaintiff's claim to enforce the lien is not timely filed. Since Plaintiff's claim to enforce the lien is not timely filed, Plaintiff's claim to enforce the lien should be dismissed pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

On 2 November 2023, Plaintiff filed a motion for entry of default against Defendants and a motion to transfer the matter to Davidson County Superior Court. The trial court denied Plaintiff's motion for entry of default, but granted the motion to transfer the matter to Davidson County Superior Court due to the monetary amounts requested. Plaintiff then filed a reply to Defendant Luthra's counterclaims, requesting they be denied.

On 22 January 2024, the trial court held a hearing regarding Defendants' and Plaintiff's competing motions to dismiss. After Defendant Luthra's counsel argued for the dismissal of Plaintiff's lien claim, the trial court granted Defendants' motions

to dismiss, stating:

> I am going to grant counsel's motion[s] to have that cause of action specifically as it relates to the lien dismissed and that -- and order that that lien be cancelled. I -- I'm gonna read the statute requiring substantial compliance to mean that the -- the filer of that claim of lien must substantially comply with the requirements of the statute and that perhaps you might leave off a street or a drive or you might -- you know, there may be some clerical error, but that each one of these things is substantially required. And one of the things that is substantially required . . . . and, in fact, is necessary is for the public to be on notice that there's a lien on a piece of property and how long that will be valid is the date upon which labor or materials were last furnished.

The trial court verbally denied Defendants' motions to dismiss Plaintiff's quantum meruit claim, and denied Plaintiff's motion to dismiss Defendant Luthra's counterclaims until receiving further briefing, but an order was not entered until 3 July 2024 (the "3 July Order"). In the 3 July Order, the trial court provided it was dismissing with prejudice Plaintiff's lien enforcement claim "because the last date of work was not listed on the lien[,] making the lien defective." After the hearing, and after reviewing subsequent briefings, the trial court entered an order on 22 March 2024, denying Plaintiff's motion to dismiss Defendant Luthra's counterclaims as to: fraud, unfair and deceptive trade practices, and false lien filing.

On 3 July 2024, Plaintiff filed a notice of interlocutory appeal with the trial court, and appealed to this Court regarding the trial court's dismissal of Plaintiff's lien enforcement claim. On 5 July 2024, Plaintiff filed a motion with the trial court for stay pending interlocutory appeal, which was granted.

## II. <u>Jurisdiction</u>

"Generally, there is no right of immediate appeal from interlocutory orders and judgments." *RM Contractors, LLC v. Wiggins*, 294 N.C. App. 172, 173 (2024) (citation and internal quotation marks omitted). "A final judgment is one that determines the entire controversy between the parties, leaving nothing to be decided in the trial court." *Ratchford v. C.C. Mangum, Inc.*, 150 N.C. App. 197, 199 (2002) (citations omitted).

"There are, however, exceptions to the general rule prohibiting us from hearing appeals from interlocutory orders." *Wiggins*, 294 N.C. App. at 174 (citing N.C.G.S. § 7A-27(b)(3) (2023)). "One exception is the substantial-right exception, which allows us to review an interlocutory order if the order affects a 'substantial right.'" *Wiggins*, 294 N.C. App. at 174 (citation omitted). "An interlocutory order affects a substantial right if the order deprives the appealing party of a substantial right which will be lost if the order is not reviewed before a final judgment is entered." *Suarez v. Am. Ramp Co.*, 266 N.C. App. 604, 608 (2019).

This Court recently held in *Wiggins* that an order striking a plaintiff's lien on real property affects a substantial right, since the striking of a lien may cause one to lose their "priority position" against other creditors. 294 N.C. App. at 176. Here, the 3 July Order granting Defendants' motions to dismiss in part is interlocutory, as there are other claims pending in this action, including Plaintiff's quantum meruit claim and Defendant Luthra's fraud, unfair and deceptive trade practices, and false lien

filing claims. As the 3 July Order dismisses Plaintiff's lien enforcement claim, the interlocutory order affects a substantial right. *See id.* at 176. We therefore have jurisdiction over Plaintiff's appeal, and proceed to the merits of Plaintiff's arguments.

## III. <u>Analysis</u>

On appeal, Plaintiff argues the trial court erred in: (A) requiring strict compliance with the enumerated elements in N.C.G.S. §44A-12 (2023) in order to create a valid lien, and (B) concluding that Plaintiff's lien filing was unenforceable when the evidence in the pleadings did not support that conclusion of law. We address each argument, in turn.

### A. N.C.G.S. §44A-12

Plaintiff first argues the trial court erred in requiring strict compliance with the enumerated elements in N.C.G.S. §44A-12 in order to create a valid lien. Specifically, Plaintiff contends the plain language of N.C.G.S. §44A-12 requires only substantial compliance. We disagree and hold the date of the last furnishing is required on a lien filing per statute and our case law.

Questions of statutory interpretation are reviewed de novo. *State v. Williams*, 911 S.E.2d 286, 294 (N.C. Ct. App. 2024) (citation omitted). "Where statutory language is clear and unambiguous, this Court eschews statutory construction in favor of giving the words their plain and definite meaning." *Id.* at 295.

N.C. Gen. Stat. § 44A-12, titled "[f]iling claim of lien on real property," provides guidance on where, when, and how all lien claims on real property must be filed. *See*

N.C.G.S. § 44A-12.  The statute further provides that "[a]ll claims of lien on real property *must* be filed using a form *substantially* as follows[,]" including the names and addresses of the parties involved, general descriptions of the property and work, and the following:

> (5) Date upon which labor or materials were first furnished
> upon said property by the claimant:
>
> (5a) *Date upon which labor or materials were last furnished*
> *upon said property by the claimant*:

N.C.G.S. §44A-12(c) (emphasis added).

N.C. Gen. Stat. § 44A-12(b) also provides that "[c]laims of lien on real property may be filed at any time after the maturity of the obligation secured thereby *but not later than 120 days after the last furnishing of labor or materials* at the site of the improvement by the person claiming the lien."  N.C.G.S. § 44A-12(b) (emphasis added); *see also Laws. Title Ins. Corp. v. Zogreo, LLC*, 208 N.C. App. 88, 95 (2010); N.C.G.S. § 44A-11 (2023) (providing that, in order to perfect a mechanic's lien, the claim of lien must be filed pursuant to N.C.G.S. § 44A-12).  This Court has previously stated that section (c)(5a) was added by the Legislature "to *require* that all claims of lien state the date upon which labor or materials were last furnished." *Brown v. Middleton*, 86 N.C. App. 63, 68 (1987); *see also* 1977 N.C. Sess. Laws c. 369 H.B. 526.  Our Supreme Court has explained that a mechanic's lien "is lost if the steps required for its perfection are not taken in the manner and within the time prescribed by law." *Frank H. Conner Co. v. Spanish Inns Charlotte, Ltd.*, 294 N.C. 661, 667 (1978).

N.C. Gen. Stat. § 44A-13 provides,

> [a]n action to enforce a claim of lien on real property may be commenced in any county where venue is otherwise proper. No such action may be commenced later than 180 days after the last furnishing of labor or materials at the site of the improvement by the person claiming the claim of lien on real property.

N.C.G.S. § 44A-13(a) (2023); *see also Laws. Title Ins. Corp.*, 208 N.C. App. at 95 ("[T]he contractor must bring a lien enforcement action in the superior court within 180 days of the last furnishing of labor or materials at the site of the improvement."). The date of the last furnishing of labor or materials is therefore required to determine whether the contractor has brought both the filing and the enforcement action within the statutory time period, which must be completed in order to perfect and enforce a mechanic's lien. *See* N.C.G.S. §§ 44A-11, 44A-12(b), 44A-13; *Laws. Title Ins. Corp.*, 208 N.C. App. at 95.

Here, Plaintiff—conceding it left off the date of the last furnishing in its lien filing—argues that, where "[t]he Legislature could have chosen that it 'must comply,' . . . but instead they chose that it should 'substantially comply,'" Plaintiff substantially complied where it included everything else except for the date of the last furnishing. Plaintiff's argument, however, ignores the statutory requirements of N.C.G.S. §§ 44A-12(b) and 44A-13, which necessitate inclusion of the date of the last furnishing, in order to determine the statutory time period for lien perfection and enforcement. *See* N.C.G.S. §§ 44A-12(b), 44A-13; *Laws. Title Ins. Corp.*, 208 N.C.

App. at 95. While Plaintiff correctly provides that the Legislature used the phrase "must be filed using a form substantially as follows," the statutory history suggests, and our case law confirms, the Legislature amended N.C.G.S. § 44A-12 in 1977, "whereby subsection (c)(5a) was added to *require* that all claims of lien state the date upon which labor or materials were last furnished." *Brown*, 86 N.C. App. at 68; *see also* 1977 N.C. Sess. Laws c. 369 H.B. 526.

Accordingly, because the date of furnishing is necessary to the perfection and enforcement of a mechanic's lien, and because this Court has provided that section (c)(5a) was added by the Legislature "to *require* that all claims of lien state the date upon which labor or materials were last furnished," *Brown*, 86 N.C. App. at 68, we conclude the trial court did not err in finding Plaintiff's lien defective where Plaintiff left off the date of the last furnishings of labor or materials. *See* N.C.G.S. §§ 44A-12(b), 44A-13; *Laws. Title Ins. Corp.*, 208 N.C. App. at 95.

### B. Pleadings

Plaintiff additionally argues the trial court erred in concluding Plaintiff's lien filing was unenforceable, where the evidence in the pleadings did not support that conclusion of law. Plaintiff contends that "[t]he Complaint on its face presented all of the legally required elements of a lien foreclosure action between [] Plaintiff [] and [] Defendants[,]" and "[t]he lien foreclosure claim presented in the Complaint [that] was filed under N.C.[G.S.] § 44A-12 is valid and presents a cognizable legal claim which defeats a N.C.R. Civ. P. 12(b)(6) motion[.]" We disagree.

Pursuant to a Rule 12(b)(6) motion to dismiss, "[t]his Court reviews *de novo* whether, as a matter of law, the allegations of the complaint are sufficient to state a claim upon which relief may be granted." *Green v. Kearney*, 203 N.C. App. 260, 266 (2010) (citation and internal quotation marks omitted) (cleaned up). In making this determination, this Court must consider whether, on the face of the plaintiff's complaint, construed liberally, the complaint (1) is supported by law, (2) "reveals the absence of facts sufficient to make a good claim[,]" or (3) "discloses some fact that necessarily defeats the plaintiff's claim." *Burgin v. Owen*, 181 N.C. App. 511, 512 (2007) (citation and internal quotation marks omitted).

Because, as set forth above, we conclude that the date of the last furnishing was required under N.C.G.S. § 44A-12, and Plaintiff concedes it did not include such date in its claim of lien, we dismiss Plaintiff's argument that its Complaint presented a cognizable legal claim upon which relief could be granted. *See Green*, 203 N.C. App. at 266. We thus affirm the trial court's granting of Defendant's motion to dismiss Plaintiff's lien enforcement claim.

## IV. <u>Conclusion</u>

Upon review, we conclude the trial court did not err in concluding Plaintiff's lien filing was defective, as the date of the last furnishing is required on a lien filing per statute and our case law. Further, the trial court properly dismissed Plaintiff's lien enforcement claim as the lien filing was defective without the date of the last furnishing. We therefore affirm the trial court's granting of Defendant's motion to

dismiss Plaintiff's lien enforcement claim.

AFFIRMED.

Judges ZACHARY and GRIFFIN concur.