An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-332

Filed 3 September 2025

N.C. Industrial Commission, I.C. No. 888074

CARL EUGENE DRY, II, Employee,

      Plaintiff,

        v.

CONTINENTAL TIRE THE AMERICAS, Employer, self-insured, DUKE ENERGY CAROLINAS, Employer (SEDGWICK CMS, Third-Party Administrator),

      Defendants.

Appeal by Plaintiff from the Opinion and Award entered 13 November 2023 by the North Carolina Industrial Commission. Heard in the Court of Appeals 5 November 2024.

*Wallace and Graham, P.A., by Edward L. Pauley, for Plaintiff-Appellant.*

*Fox Rothschild LLP, by Jeri L. Whitfield, Kip David Nelson and Patrick M. Kane, for Defendant-Appellee Continental Tire the Americas.*

*Mullen Holland & Cooper P.A., by Gerald L. Liska, and H. Randolph Sumner, for Defendant-Appellee Duke Energy Carolinas.*

HAMPSON, Judge

Plaintiff brought claims against both Continental Tire the Americas and Duke Energy Carolinas alleging that asbestosis he contracted was caused by exposure to asbestos while at work. Plaintiff appeals from an Opinion and Award in which the Full Commission dismissed the claims against Continental Tire. The Opinion and Award did not address Plaintiff's claims against Duke Energy. Therefore, we must consider this appeal to be interlocutory, as it is not apparent from the record that Plaintiff's claim against Duke Energy has been resolved. *See Ratchford v. C.C. Mangum Inc.*, 150 N.C. App. 197, 199, 564 S.E.2d 245 (2002) ("An opinion and award of the Industrial Commission is interlocutory if it determines one but not all of the issues in a workers' compensation case.")

Plaintiff has failed to articulate in his brief to our Court why we have jurisdiction over this interlocutory appeal. In our discretion, we hereby issue a writ for *certiorari* to consider the Commission's dismissal of Plaintiff's claims against Continental Tire. N.C.G.S. § 7A-32(c) (2023); N.C. R. App. P. Rule 21(a)(1) (2025). And for the reasons stated *Funderburk v. Continental Tire the Americas*, ___ N.C. App. ___, ___ S.E.2d ___ (No. COA 24-192, 2025), filed simultaneously with this opinion, we reverse the order of the Full Commission dismissing Plaintiff's claim and remand for further proceedings to consider that claim.

REVERSED AND REMANDED.

Judge WOOD concurs.

Chief Judge DILLON dissents for the reasons stated in his dissenting opinion

- 2 -

in *Funderburk.*

Report per Rule 30(e).